———o———

CAPE GIRARDEAU COUNTY, for the use of the ROAD AND CANAL FUND, Plaintiff in Error, *vs.* JOHN HARBISON, Adm'r *de bonis non* of DARWIN B. HARBISON, dec'd, *et al.*, Defendant in Error.

1. *Practice, civil—Trials—Instructions—Questions of law and fact must be distinguished.*—In framing declarations of law for the court sitting as a jury, questions of law and those of fact should be so separated that it may afterwards be seen by which class the general finding was controlled. They should generally conform to the rules established for instructions given to a jury.

2. *Limitations—Promissory note—Mortgage.*—A note or bond may be barred by limitation, and yet a mortgage securing its payment may be enforced against the land mortgaged.

3. *Limitations—Administrator—New promise.*—An administrator cannot, by a new promise, take a debt of his intestate out of the statute of limitations.

4. *Limitations—Presumption of payment—Distinction—Mortgage.*—The defense of the statute of limitations and that of presumption of payment arising from lapse of time, are distinct in their natures and incidents. There is no statute of limitations applicable to foreclosure of a mortgage, but the presumption of payment, by analogy in certain cases, operates with like effect.

5. *Limitations—Real estate—Adverse possession—Mortgage.*—The defense of limitation against the recovery of real estate requires an adverse possession to support it. And no such adverse possession exists in a mortgagor, as against the mortgagee, so long as their original relations continue to subsist.

6. *Limitations—New promise, to a stranger—Admissions—Presumptions.*—A new promise or acknowledgment made to a stranger will not take a debt out of the statute of limitations. But as an admission of fact against the interest of the person making it, it may be evidence sufficient to rebut the presumption of payment arising from lapse of time.

7. *Mortgage—Foreclosure—Administration—Allowance of demand.*—In a proceeding for foreclosure against a purchaser of the land, it is not necessary to show that the debt has been allowed against the estate of the deceased mortgagor.

*Error to Cape Girardeau Circuit Court.*

*Linus Sanford*, for Plaintiff in Error.

I. The presumption of payment from lapse of time is not an absolute bar to the foreclosure of a mortgage, but may be rebutted by evidence. (Chouteau's Ex'r vs. Burlando, 20 Mo., 486 : Hughes vs. Edwards, 9 Wheat., 489.)

II. The report of the sale of the real estate by the administrator under the order of the Probate Court, and the subsequent deed of trust executed by John Harbison, furnish ample evidence that the debt has not been paid.

III. Where the plaintiff, to remove the bar of the statute of limitations, proves a general acknowledgment of indebtedness in writing, the burden of proof is on the defendant, to prove that the promise related to a different demand than the one sued on. (Carr vs. Hurlbutt's Adm'r, 41 Mo., 268 ; Davis vs. Herring, 6 Mo., 21; Elliott vs. Leake, 5 Mo., 208 ; 2 Greenl. Ev., § 441, *et seq.*, 10 Ed.)

*Houck & Ranney*, for Defendant in Error.

I. The note and mortgage show that they were executed more than twenty years before the institution of this suit. They also show by the indorsements, that no payments have been made within ten years before the institution of the suit. To take them out of the statute of limitations, then, in order to permit of a foreclosure of the mortgage, the plaintiff must produce evidence to prove that subsequent promises were made by Darwin B. Harbison within ten years of the bringing of this suit ; at least he should produce evidence to repel the presumption of payment raised by the statute of limitations. The case of Chouteau's Ex'r vs. Burlando, (20 Mo., 486) cited by plaintiff, is not in point, because there was nothing to show that the land was wild and unimproved, and no evidence showing that the mortgagor had abandoned all claim to the land, and there was no evidence showing that the debt had not been paid. Also in the case of Hughes vs. Edwards, (9 Wheat., 489) cited by plaintiff, there was evidence of promises made by the mortgagor, which would be sufficient to take it out of the statute of limitations.

II. Until entry by the mortgagee for condition broken, or until foreclosure, the mortgagor is the owner of the premises. (Kennett vs. Plummer, 28 Mo., 142.) The plaintiff cannot recover unless it shows that it was in possession within ten years before the commencement of this action. (Wagn. Stat., 1872, p. 915, § 1.)

III. The instructions asked by the plaintiff were properly refused by the court, for the reason that the first one assumes that payments were made on the note and mortgage within ten years before the institution of the suit; and the second declares the law to be, that an administrator can, by his admissions and confessions, dispose of the estate of his intestate. The admissions of an administrator are not competent to bind the estate. (Allen vs. Allen, 26 Mo., 327; Thompson vs. Peters, 12 Wheat., 565; Ciples vs. Alexander's Adm'r, 2 Comst., 767.)

IV. The statutes provide that before a claim can be allowed against an estate, it must be supported by the affidavit of the claimant, and by other legal testimony. (Wagn. Stat., 1872, p. 103, §§ 12, 13.)

The administrator did not state how or whether he knew of his own knowledge that the debt was still unpaid, and how could he know except from Darwin B. Harbison himself? The fact that the mortgagor was in possession of the premises during the whole time, is enough to show that he had not resigned his claim to the land, and to raise the presumption that the incumbrance had been discharged.

LEWIS, Judge, delivered the opinion of the court.

On March 6, 1849, Darwin B. Harbison executed his bond for $566, payable in twelve months, to Cape Girardeau county, for the use of the road and canal fund, with a mortgage to secure it on 212 acres of land. Harbison dying, Peter Byrne became his administrator, and in that capacity sold the mortgaged premises in 1864, for payment of debts of the estate; John Harbison, defendant in error, being the purchaser. Afterwards Byrne died, and defendant in error

succeeded him in the administration of Harbison's estate. The present suit is for a foreclosure of the mortgage. The bond is indorsed with a number of payments, the last of which bears date May 2, 1858.

Defendant pleaded the statute of limitations in ordinary form. Plaintiff replied, alleging two several acknowledgments in writing, within ten years before the commencement of the suit; one by Byrne, as administrator, and the other by defendant. The court, sitting as a jury, found for the defendant, and rendered judgment accordingly.

The plaintiff introduced on the trial Byrne's report of his sale as administrator, in which the land was stated to be "subject to a certain mortgage lien for the sum of $410, and accruing interest." He also introduced a deed of trust executed by defendant to Thomas B. English, in 1866, containing this expression : "It is also understood that the said first mentioned tract, or the one-third part thereof, owned by said deceased, was by him mortgaged to the county of Cape Girardeau for the sum expressed in said mortgage, and which yet remains unsatisfied."

At the close of the trial plaintiff offered the following declarations of law, which the court refused : 1. The payments on the note secured by mortgage, and such payments on the mortgage, are such an acknowledgment and recognition of the debt as will prevent the bar of the statute of limitations. 2. The recognition and acknowledgment of the debt for which suit is brought, by the administrator of the mortgagor, and also by this defendant after he had become the owner of the real estate mortgaged, are such recognitions and acknowledgments and promises to pay the debt as will prevent the bar of the statute of limitations. 3. The debt for which suit is instituted, is not barred by the statute of limitations.

These declarations were objectionable both in form and substance. The cases are very rare in which it is admissible to frame declarations of law for the court, in disregard of the rules which are imperative for instructions given to a jury. In either case, the questions of law and those of fact should

be so separated that it may afterwards be seen by which class the general finding was controlled. When the facts are presented hypothetically, as: "If it appear from the evidence, that," &c., the conclusion of law will naturally follow as independent propositions, capable of being intelligently discussed in the reviewing court. But with the sample here before us, we could never feel certain whether the court meant to reject the assumptions of fact or the suggestions of legal results, or both. From the nature of the testimony and the finding by the court, however, we are permitted to infer that either of the forms of acknowledgment relied on was held to be insufficient in law to entitle the plaintiff to a foreclosure. The evidence was documentary and unquestioned; so that we may fairly determine its interpretation and legal effect, whether treating this as a proceeding at law or in chancery. (Willi vs. Dryden, 52 Mo., 319.)

As this could not be treated as a suit upon the bond, the relevancy of an acknowledgment by the administrator of the obligor, to take the case out of the statute, is not apparent. It has been repeatedly held, and is now unquestioned, that a note or bond may be barred by limitation, and yet the mortgage securing it may be enforced against the land. (Wiswell vs. Baxter, 20 Wis., 680.) But lest the question appear again in this cause in another shape, it seems not amiss to examine the sufficiency of such an acknowledgment by an administrator, under any circumstances. Touching its competency to defeat the statutory bar, there appears to have been formerly some contrariety among the authorities. Those which sustained it generally found their analogies in English rulings, which wholly fail of application to our law in its present state. As nature abhors a vacuum, so the common law abhors the absence of an absolute ownership, somewhere, in property of whatever description. Hence, by a sort of general intent, the administrator must stand in the shoes of his intestate for almost every purpose affecting the personalty. But with us the duties and powers of executors and administrators are so defined and limited by statutes that no room is

left for any speculative authority. Their office is to protect the interests of creditors and distributees who stand upon their strict legal rights. They can neither discharge out of the estate any assumed obligation which the law would not enforce, nor can they revive one which, by operation of law, has ceased to be enforceable.

In Bell vs. Morrison, (1 Pet., 351) and other leading cases, while it is agreed that the suit is properly founded on the original demand, yet the authority to take an indebtedness out of the statute by a new promise or acknowledgment is shown to be dependent upon the *power* to make a *new contract*, "springing out and supported by the original consideration." It is impossible to find any such power conferred, even inferentially, upon executors or administrators in Missouri. It follows that an administrator cannot, by his own promise or acknowledgment, prevent the statute of limitations from running in favor of a debt contracted by his intestate. A *dictum* in Wiggins vs. Greene, (9 Mo., 263) was doubtless induced by the learned judge's familiarity with the doctrine then current, as derived from foreign sources.

There is no sort of propriety in confounding the statute of limitations with the presumption of payment arising from lapse of time. As defenses, the two are wholly distinct in their applications and incidents. When the statute affects a right of action, it operates simply a blight, as it were, upon its recoverable energy. It matters not in the least, whether the demand has been previously paid or not, the statute destroys forever, upon the last day of the allotted period, its vitality in a court of justice. Hence, if there be not a new contract in the promise or acknowledgment upon which the creditor relies, he has still nothing to stand upon. But in the other defense, the fact of payment, real or supposed, is the only matter to be considered. The law first presumes payment. An acknowledgment by the debtor merely removes this presumption by furnishing evidence to prove that the debt has not been paid. There is no new contract, express or implied. The recovery must be upon the original demand or nothing.

Our statutes of limitations are directed against a variety of civil remedies by name, class or subject matter, but foreclosure of mortgage is not one of them. Every limitation affecting the recovery of real estate requires an adverse possession to support it. But between mortgagor and mortgagee there is no adverse possession, so long as their original relations continue to subsist. The possession of the one is amicably consistent with all the rights claimed by the other. But it does not follow that a mortgagee may proceed to foreclose after thirty or sixty or more years of quiet possession by the mortgagor. Here the presumption of payment from lapse of time intervenes, for a repose analogous to that which is secured by the limitation laws in other cases.

A mortgagee in possession who, for the period of limitation, refuses to recognize the existence of the mortgage, or any equitable claim in the mortgagor, may stand upon such adverse possession, and, under color of the statute, resist an effort by the mortgagor to enforce his equity of redemption. (Demorest vs. Wynkoop, 3 Johns. Ch., 135 ; McNair vs. Lot, 34 Mo., 285.) But the position of the parties being reversed, shall there be no law of reciprocity? A mortgagor in possession for the same period gets no such aid from the statute, but courts of equity have from a very early date adopted the presumption of payment of the mortgage debt by analogy, as arising in his favor after the same duration of time which, under the statute, would arm the mortgagee against him in the instance first mentioned. Twenty years being the period of limitation in nearly every jurisdiction outside of Missouri, that has been also the commonly accepted term which may create the equitable presumption of payment. In Connecticut, where the limitation is fifteen years, it is held that the presumption will arise upon fifteen years' undisturbed possession by the mortgagor, without payment or recognition of the mortgage debt. (Haskell vs. Bailey, 22 Conn., 569; Hughes vs. Edwards, 9 Wheat., 490.)

Thus, it will be seen that the rights of the parties in this case were not properly measurable by the statute of limita-

tions or its collateral results, but by the equitable presumption of payment arising from lapse of time and its incidental features. If the action had been a personal one, on the original bond, the acknowledgment of indebtedness expressed in the defendant's deed of trust to English would have furnished no answer to his plea of the statute of limitations. For how could a new contract with the plaintiff be discerned in an acknowledgment made to an entire stranger, not in privity nor in any manner connected with him? On the other hand, dealing with this as a proceeding for foreclosure of the mortgage, we have only to consider the question of payment in its aspects of equitable presumption and rebuttal of that presumption.

It is unnecessary to say here, that by analogy with our statute, ten years would suffice to raise the presumption. For more than twenty years appear in the proofs for that purpose, and the acknowledgment in the deed of trust occurred less than ten years before the commencement of the suit. How, then, stands this acknowledgment made to a stranger? As an admission of a fact, against the interest of the party making it, it is just as good in evidence as if made to the plaintiff. It follows that, however insufficient it might be against a plea of the statute of limitations, it may in this proceeding accomplish all that the plaintiff requires for a recovery. It furnishes evidence to show that the debt has not been paid.

A point was made on the fact that the bond had never been allowed against the estate of Harbison, in course of administration. But in so far as this proceeding was for foreclosure against a purchaser, that fact was not material.

The judgment is reversed and the cause remanded; the other judges concur.