POLAND. *Appellant*, v. VESPER.

**Homestead of Widow and Children:** ADMINISTRATION. Under
the homestead law, as amended by the act of March 18th, 1875,
(Acts 1875, p. 60,) real estate of a decedent, in which his widow and
minor children have a right of homestead, may be sold for the payment of his debts, subject to their right. The purchaser will be en-

titled to the possession when the widow dies and the children come of age.

*Appeal from Barry Circuit Court.*—Hon. W. F. Geiger, Judge.

*J. W. Wellshear* for appellant.

*N. Gibbs* for respondent.

Henry, J.—The plaintiff sued defendant in ejectment for the east half of the north half of the southeast quarter of section ten, township twenty-two, of range twenty-six, in Barry county. William Vesper died intestate on the 25th day of March, 1875, seized of the land in controversy and residing thereon with his family. His widow and the defendant, his son, were his sole heirs, the latter at his father's death being twenty years of age. Debts were allowed against the estate amounting, in the aggregate, to about the sum of $500. There was but little personal property, not exceeding in amount what the law allowed the widow, to whom the administrator delivered it. The land in controversy was set off to the widow as a homestead, and afterwards, on the petition of the administrator, the court ordered the sale of said land, subject to the homestead, for the payment of debts, and the plaintiff became the purchaser and paid the purchase money, which was applied to the payment of the debts of the deceased. The proceedings were all regular, and the only question for determination is whether the sale by the administrator passed the title to the purchaser.

Respondent contends that, under the act of March 18th, 1875, it could not be sold while the widow was living or the defendant was a minor, and the court below gave an instruction to that effect, and the verdict and judgment were for defendant, from which plaintiff has appealed. The act of 1875 is as follows: "If any such ousekeeper or head of a family shall die leaving a widow

or any minor children, his homestead, to the value afore-
said, shall pass to and vest in such widow or children, or, if
there be both, to such widow and children, and shall con-
tinue for their benefit without being subject to the pay-
ment of the debts of the deceased, unless legally charged
thereon in his life-time, until the youngest child shall attain
its legal majority and until the death of such widow, and
such homestead shall, upon the death of such housekeeper
or head of a family, be limited to that period. But the
right, title and interest of the deceased housekeeper or
head of a family in the premises, except the estate of the
homestead thus continued, shall be subject to the laws re-
lating to devise, descent, dower, partition and sale for the
payment of debts against the estate of the deceased, and
the probate court having jurisdiction of the estate of the
deceased housekeeper or head of a family shall, when
necessary, appoint three commissioners to set out such
homestead to the person or persons entitled thereto." By
this section it is the homestead right which is exempt from
the payment of debts of the deceased—nothing more.
After that is set out there remains an estate in the land
which descends to the heirs of the deceased, and, by express
provision of the statute, is subject " to the laws relating to
partition and sale for the payment of debts against the es-
tate of the deceased." When this suit was instituted the
widow was dead, and the defendant, the sole heir of the
deceased, William Vesper, had attained his legal majority.
The object of the statute was to secure a home for the
widow and minor heirs, and the sale of the land subject to
the homestead right, could in no manner interfere with
them in the enjoyment of that right. The instruction
given by the court for the defendant should have been re-
fused and that asked by plaintiff given. It declared that
the administrator's deed conveyed the title to the plaintiff,
subject to the homestead right of the widow and the de-
fendant, and that, the widow having died and defendant
attained his majority before the commencement of the

suit, plaintiff was entitled to recover. All concurring, the judgment is reversed and the cause remanded.

REVERSED.