Lewis v. Schwenn.

Lewis, *Administrator, Appellant,* v. Schwenn *et al.*

1. **Presumption** : PAYMENT OF DEBT. The presumption of payment of a debt, arising from lapse of time, is rebuttable, and may be overcome by other facts and circumstances.

2. ———— : ———— : PRACTICE. The question of presumption of payment from lapse of time being a mixed one of law and fact, cannot be determined by the court until the evidence upon the point is all before it, and the court cannot dictate the order in which such evidence shall be introduced.

3. **Limitations** : NOTE SECURED BY MORTGAGE : STATUTE : PRACTICE. The ten-years statute of limitations with respect to personal actions may apply to a note secured by mortgage, so as to prevent any judgment over, but as to the mortgage itself, the ten-years statute with respect to real actions must be resorted to.

4. ———— : ———— : FORECLOSURE. Although a note or bond secured by mortgage or deed of trust may be barred so that no action can be maintained thereon, yet the deed of trust or mortgage may be enforced against the land by trustee's sale or foreclosure.

5. ———— : MORTGAGE : ADVERSE POSSESSION. A mortgage will be available until there is ten years adverse possession, for the limitation affecting the recovery of real estate, or the recovery of its possession, requires adverse possession to support it.

6. ———— : ———— : ————. Possession by the mortgageor or his grantees will not be adverse, so long as payments of principal or interest are made, or the relation of mortgageor and mortgagee is recognized by both parties

*Appeal from St. Louis Court of Appeals.*

Affirmed.

*E. P. Johnson* for appellant.

The trial was by the court in this case, the facts were not in dispute, and the court could not have reached its conclusion, without determining, as a matter of law, that,

on the facts, the appellant was not entitled to recover. *Walter v. Ford*, 74 Mo. 195; *Silvey v. Summer*, 61 Mo. 253; *Wood v. Williams*, 61 Mo. 65; *Willi v. Dryden*, 52 Mo. 319; *Gambs v. Insurance Co.*, 50 Mo. 44; *Waddell v. Williams*, 50 Mo. 216. And the deed of trust was insufficient in itself to show authority in the trustee to sell, even if not objected to, as there was no provision in it making any recital by the trustee, evidence of the fact so recited. *Bartlett v. O'Donoghue*, 72 Mo. 563. And in the absence of such provisions in the deed of trust, such facts must be proved to authorize the trustee to sell, and there was no attempt to introduce such evidence, in this case. *Vail v. Jacobs*, 62 Mo. 130; *Hancock v. Whybark*, 66 Mo. 672. Hence, respondents' deeds should have been excluded, or, if admitted, even without objection, no effect given them. Appellant's instruction number one should have been given, for the reason that the recital in the deed of trust from Barrett to Sutton's trustee, the note which it had been executed to secure, was more than fifteen years past due, at the time the trustee attempted to sell under it, and there was no evidence that the note or any part of it remained due, or that any payment had ever been made on it, or that the premises had ever been in the possession of Sutton or the trustee, but, on the contrary, that Engler had held them adversely for more than ten years prior to that time and the note was presumed to have been paid. *Cape Girardeau Co. v. Harbison*, 58 Mo. 90; *Bush v. White*, 85 Mo. 339; *Zoll v. Carnahan*, 83 Mo. 35; *Johnson v. Johnson*, 81 Mo. 331; *Chouteau's Ex'r v. Burlando*, 20 Mo. 482. The possession of Engler under his deed and that of his tenant or vendee was notice to every one of his claim. *Black v. Long*, 60 Mo. 181; *Roberts v. Moseley*, 64 Mo. 507. In addition to the recital in the deed of trust being notice to all claiming under it, that the note was presumed to have been paid, recitals in a deed, or even in the acknowledgment are notice to all claiming title un-

Lewis v. Schwenn.

der it. *Major v. Buckley*, 51 Mo. 227; *Muldrow v. Robinson*, 58 Mo. 331; *Mason v. Black*, 87 Mo. 329. Besides, as respondents obtained possession from their father, of these premises, who held them under Engler, there can be no reasonable doubt that they had actual notice of Engler's claim, so that they can make no pretense of being innocent purchasers, as was held by the circuit court in a written opinion. But suppose they were innocent purchasers in fact, with nothing to put them on their guard. A sale under a deed of trust after payment is void. *Baker v. Halligan*, 75 Mo. 435. In such case an innocent purchaser acquires no title, the deed of trust being *functus officio. Redmond v. Packenham*, 66 Ill. 434. The same is true of a purchaser under execution when the judgment had been paid. *McClure v. Logan*, 59 Mo. 234; *Durfee v. Moran*, 57 Mo. 374; *Durette v. Briggs*, 47 Mo. 356. In addition a purchaser at a sale made under a power, buys at his peril (*Haley v. Bagley*, 37 Mo. 363), as, if the sale be made before the time prescribed (*Eitelgeorge v. The Mutual H. B. Association*, 69 Mo. 52), or without notice, or an insufficient notice (*German Bank v. Stumpf*, 73 Mo. 311; *Ladd v. Shippie*, 57 Mo. 523; *Long v. Long*, 79 Mo. 644), it is void. Or if a deed be fraudulently obtained, no title passes even to an innocent purchaser. *Taylor v. Davis*, 72 Mo. 291. And, as between mortgages, the one for purchase money has priority between innocent purchasers. *Turk v. Funk*, 68 Mo. 18; *Linville v. Savage*, 58 Mo. 248. Respondents cannot be protected as innocent purchasers. *Goodfellow v. Stillwell*, 73 Mo. 17; *Merchant v. Wood*, 27 Minn. 396; *Digby v. Jones*, 67 Mo. 104. Appellant's second instruction should have been given. *Martin v. Jones*, 72 Mo. 23. Appellant's third instruction should have been given. *Lockwood v. Railroad*, 65 Mo. 236; *Ash v. Holden*, 36 Mo. 166.

*J. W. McElhinney* for respondents.

Lewis v. Schwenn.

BLACK, J.—The plaintiff, as public administrator, having in charge the estate of August Engler, brought this suit of ejectment to recover a small parcel of land in St. Louis county. The cause was tried before the court, without a jury, and resulted in a judgment for defendants, which was affirmed in the court of appeals.

It is agreed that J. Richard Barrett had a good title to the premises on the twenty-fifth of February, 1862. The plaintiff put in evidence a sheriff's deed, dated March 21, 1867, and recorded in the following June, conveying to said Engler all the right and title of Barrett in and to the premises in dispute. The defendants read in evidence a deed of trust made by Barrett to Kalb as trustee, dated February 25, 1862, and recorded the next day, to secure a note of one thousand dollars, signed by Barrett and payable to Sutton. The deed recites that the note was past due, and states that Sutton had extended the time of payment to January 1, 1863. The deed of trust contains the usual power of sale ; also a deed by the trustee to B. N. Steinberger, dated August 7, 1878, and recorded in December, 1878. This deed was accompanied by proof that the property had been advertised for sale for the length of time and at the place specified in the deed of trust ; also a deed from Steinberger to defendant, dated July 6, 1879.

The other evidence is not preserved, but the bill of exceptions states that plaintiff gave evidence tending to prove that, in the spring or early summer of 1867, August Engler took possession of the premises, claiming to own the same, and retained possession of them under such claim of title until the year 1875, or 1876, and then leased the same to Jacob Schwenn, father of the defendants ; that Jacob Schwenn remained in the possession, as tenant of Engler, until July, 1879, when he gave up possession to defendants. The bill of exceptions also states that defendants offered evidence

tending to prove that, in 1875, or 1876, Jacob Schwenn purchased the property from Engler by a verbal contract, and took possession under the contract, but never paid the purchase money, and finally gave up possession to the defendants.

1. Plaintiff objected to the deed of trust and trustee's deed, when offered in evidence, on the ground that the debt had been paid, and on the ground that the deed of trust showed that the debt was more than ten years past due at the date of the trustee's sale, from which fact the law presumes the debt had been paid, and hence the sale was void, and passed no title. There is no evidence that the debt, in point of fact, had been paid, and we only have to deal with the alleged presumption. This objection to the deeds as evidence was also renewed by way of an instruction. If the presumption of payment from lapse of time has any application to this case, still the objection to the deeds as evidence was properly overruled, for such a presumption is rebuttable. It may be overcome by other facts and circumstances. *Jackson v. Slater*, 5 Wend. 296. The court could not dictate the order in which defendants should put in their evidence as to this question of fact. Again, the question was one of fact and law, and could not be determined until the defendants' evidence was all before the court. The instruction is based upon the admission of a common source of title in Barrett, and the facts disclosed on the face of the deeds put in evidence. It does not state, hypothetically, that Engler was ever, at any time, by himself, or tenant, in the possession of the premises. In *Jackson v. Pierce*, 10 Johns. 413, the fact that the mortgaged premises were uncultivated for a part of the time, was considered a circumstance to rebut the presumption of payment. In *Chouteau v. Burlando*, 20 Mo. 483, the court said: "There was no possession by the mortgageor, in the sense that is required in order to raise the presumption

of satisfaction of the debts.'' That case, the case of *Cape Girardeau v. Harbison*, 58 Mo. 90, and *McNair v. Lot*, 34 Mo. 300, where the doctrine of presumption of satisfaction of a mortgage is discussed, all go upon the theory that the mortgageor, or those claiming under him, and claiming the benefit of the presumption, have had possession for the requisite period of time. The instruction did not state sufficient facts to raise the presumption, and was properly refused.

2. But if our statute of limitations applies to mortgages so as to bar a foreclosure, then there is no reason for resorting to presumptions at all. This question may be considered in connection with the second and third instructions asked by the plaintiff and refused by the court. The presumption of payment arising from possession and lapse of time, was formerly resorted to for want of such a statute. Recent adjudications of this court hold that the statute applies to all civil actions, whether they be such as were formerly denominated legal or equitable. *Hunter v. Hunter*, 50 Mo. 445; *Rogers v. Brown*, 61 Mo. 187; *Buren v. Buren*, 79 Mo. 538. The ten-year statute with respect to real actions, has been applied, as will be seen from the cases last cited, in suits to enforce trusts in real estate, and to set aside deeds because made in fraud of creditors. In the recent case of *Bush v. White*, 85 Mo. 339, the statute was applied in favor of a purchaser at a sheriff's sale, who had been in adverse possession of the premises for more than ten years, as against a prior mortgagee from the judgment debtor.

From these decisions, there can be no doubt but the statute does apply to mortgages. The question then is, which statute applies—that in relation to personal actions, or that in relation to real actions. Both operate as a bar in ten years. The suit to foreclose a mortgage is based upon a deed with a defeasance. The suit concerns land. Its object is to foreclose the equity of

redemption. The fact that it is done now by decree and sale, and not by a strict foreclosure, does not change the nature of the suit. The ten-years statute with respect to personal actions, may apply to the note so as to prevent any judgment over, but as to the mortgage itself, and relief thereon, the ten-years statute with respect to real actions must be resorted to. The mortgagee, after forfeiture, may recover the possession by ejectment without foreclosure, according to a number of decisions of this court. In such cases it cannot be maintained that he would be barred short of ten years' adverse possession, and there is as much reason for applying that statute, in case the mortgage is sought to be foreclosed, as when the mortgagee seeks to get possession by ejectment. This result is consistent with the former adjudications of the court, in so far as they hold that, though the note or bond secured may be barred so that no action can be maintained thereon, yet the mortgage may be enforced against the land by trustee's sale or foreclosure. *Chouteau v. Burlando, supra; Cape Girardeau Co. v. Harbison, supra; Wood v. Augustine,* 61 Mo. 46.

The mortgage will be available until there is ten years' adverse possession, for the limitation affecting the recovery of real estate or the recovery of the possession thereof requires adverse possession to support it. Possession by the mortgageor or his grantees will not be adverse so long as payments of principal or interest are made, or the relation of mortgageor and mortgagee is recognized by both parties. Now in this case there was evidence tending to show that Engler took possession in the summer or spring of 1867, and had such possession to 1875 or 1876, and that Jacob Schwenn then took possession and held the same, either as tenant or vendee of Engler, to the date of sale in 1878, and thereafter to 1879. One difficulty with the second and third refused instructions is, that they do not submit the question whether

the possession was adverse to the mortgagee. Indeed the bill of exceptions does not show that there was any such evidence; and, as we have seen, it does not follow that possession under claim of title is necessarily adverse to the mortgagee. There was no error in refusing these instructions.

in them, of which we are not advised.

No question is made here of the right of the administrator to prosecute this suit of ejectment, and his right to do so is assumed, not passed upon.

The judgment is affirmed. All concur.

### On rehearing.

RAY, J.—Upon the motion for rehearing, filed in this cause, I have reconsidered my concurrence, in the foregoing opinion, and now dissent from the same.