BENTON COUNTY v. CZARLINSKY, *Appellant.*

1.   **Mortgage Foreclosure:** ADVERSE POSSESSION.   An action to foreclose a mortgage will not be barred by limitation, unless there have been ten years of adverse possession in the mortgagor and those claiming under him, and this is true although the bond which is secured by the mortgage is 'barred.

2.   ——— :   REPUDIATION OF MORTGAGE BY MORTGAGOR : ADVERSE POSSESSION.   The possession of the mortgagor in the absence of a distinct repudiation of the mortgage is not adverse to the mortgagee, and the former's grantee, who assumes the debt, cannot successfully plead title by adverse possession in the foreclosure proceedings.

*Appeal from Benton Circuit Court.*—HON. M. A. FYKE,
Judge.

AFFIRMED.

*R. W. Campbell* and *W. S. Shirk* for appellant.

(1)  An action to foreclose a mortgage is barred
by the statute of limitations if not brought within ten
years from the time the cause of action upon such
mortgage accrued.  *Bush v. White,* 85 Mo. 339; *John-
son v. Johnson,* 81 Mo. 331.  (2)  No new promise to
pay the mortgage nor recognition thereof by Czar-
linsky, a mere stranger to the bond and mortgage from
Bibb to Benton county, could arrest the running of the
statute, or revive the lien of the mortgage after it had
expired by limitation, especially if made to Mrs. Owsley
and husband, who were also strangers to the same, and
who did not pretend to represent the mortgagor in any
capacity.   Wood on Lim., sec. 79, p. 192, and authori-
ties cited ; *Ringo v. Brooks,* 26 Ark. 540 ; *Gillingham
v. Gillingham,* 17 Penn. St. 302 ; *Morehead v. Wriston,*
73 N. C. 398 ; *Wachter v. Albee,* 80 Ill. 47 ; *Kisler v.
Saunders,* 40 Ind. 78 ; *Sibert v. Wilder,* 16 Kan. 176 ;
*Robbins v. Farley,* 2 Strob. 348 ; *Trummet v. Salmon,*
2 Bail. 308 ; *Trousdale v. Anderson,* 9 Bush. 276.  (3)
Even if Czarlinsky stood in Bibb's shoes, the promise
not being in writing signed by him, as required by
statute, is of no effect.  R. S. 1879, sec. 3248 ; Wood
on Lim., p. 194, and authorities cited in note 4 ; *Black-
burn v. Jackson,* 26 Mo. 308.  (4)  Neither Mrs. Ows-
ley or husband, nor her grantor, John W. Pierce, was
liable for the payment of the mortgage debt.   Jones on
Mortgages [2 Ed. ] sec. 755, and the authorities cited
in notes 2 and 3 ; *Vrooman v. Turner,* 69 N. Y.
280, where the authorities are collected ; *Norwood v.
DeHart,* 30 N. J. Eq. 412 ; *Miller v. Whipple,* 1 Gray,

317. (5) It was manifest error to permit the witness Owsley to testify how his wife held the property with reference to the mortgage to the county.

*P. D. Hastain* and *J. H. Lay* for respondent.

(1) The plea of limitation should be one of adverse possession and not in bar of the bond, and hence the case of *Johnson v. Johnson*, 81 Mo. 331, does not apply. (2) But, even if it be the law that the bond and mortgage are both barred by statute in ten years, the defendant Czarlinsky, by accepting the deed from Owsley, assumed the debt and mortgage and became liable, therefore, as an original obligation on his part. *Heim v. Vogel*, 69 Mo. 529; *Fitzgerald v. Barker*, 70 Mo. 685; *Orrick v. Durham*, 79 Mo. 174; Brant on Sur. and Guar., sec. 24. The assumption by appellant of the mortgage was *pro tanto* the consideration for the deed to him, and the deed to him was the consideration for his assumption of the mortgage. (3) But, even if we are in error on all the above propositions, this case is easily settled in respondent's favor by the proposition that, Czarlinsky having assumed the mortgage as a part of the purchase price of the property, he is estopped to dispute its validity. 1 Jones on Mortgages, secs. 743, 744, 745; 2 Pom. Eq., sec. 453, n. 2; 3 Pom. Eq., sec. 1206 and n. 2; *Easley v. Sloan*, 4 West. Rep. (Ill.) 162; *Connor v. How*, 29 Mo. 314.

BRACE, J.—This is an action to foreclose a mortgage on two lots in the city of Warsaw, in said county, executed on the eleventh of August, 1871, by one Bibb to secure the payment of a bond of the same date executed by the said Bibb, with sureties, payable to the plaintiff for the sum of one hundred and fifty dollars, with ten per cent. interest·compounded, on or before the first of January, 1872. The suit was instituted on the fifth of March, 1885.

On the tenth of October, 1872, Bibb executed a second mortgage on the same premises, which was foreclosed by decree of the circuit court of said county, and the lots sold under the decree to one Pierce, who received a deed from the sheriff therefor on the twentieth day of October, 1877. On the twenty-second of May, 1880, Pierce sold and conveyed the premises to Nettie Owsley, and on the twelfth of April, 1882, Nettie Owsley and her husband sold and conveyed the premises to the defendant. This deed contained a clause by which the defendant assumed the payment of the debt secured by the mortgage to the county. The evidence for the plaintiff tended to prove that the consideration for said deed was six hundred and twenty-five dollars; that the deed was executed in pursuance of a written agreement or bond by which defendant agreed to pay the mortgage debt to the county, and the remainder of the six hundred and twenty-five dollars to Owsley; that he paid Owsley two hundred and thirty dollars.

The defendant testifying in his own behalf denied that he ever signed any such agreement, or that he ever received any paper from the Owsleys relating to the property, except his deed. He did not deny, however, that he was to pay six hundred and twenty-five dollars for the property or claim that he ever paid Owsley more than two hundred and thirty dollars of the purchase money. His defense was the statute of limitations. Bibb was in possession of the premises at the time he executed the mortgage to the county, and continued in possession thereof until his death in 1875; his widow, who was also his administratrix, continued in possession until some time in 1876, when she rented it to one Oechsle who remained in possession until 1877, when she rented it to one Logan who remained in possession until October 20, 1877, when she turned the possession over to the said Pierce who purchased at the foreclosure sale under the second deed of trust, and on the same

day Pierce rented the premises to the defendant who has continued in possession ever since, first as tenant of Pierce, then of Mrs. Owsley, and, since his purchase of Mrs. Owsley, as owner in his own right. It will thus be seen that the mortgagor and his grantees have been in the continuous possession of the premises ever since the mortgage to the county was executed, and there is no evidence that any payment has been made on the mortgage debt of either principal or interest.

Ten years having elapsed since the execution of the bond by Bibb and his sureties before this action was commenced, a right of action on the bond was barred by limitation. R. S. 1879, sec. 3229, art. 2, "personal actions." But this section has no application to the present action which is simply for the foreclosure of the mortgage; neither has section 3248 which requires a written acknowledgment or promise to take a case out of the operation of the provisions of article 2, in which that section is contained. Nor does it follow because an action on the bond may be barred that the action to foreclose the mortgage is also barred; whether the latter action is barred or not depends upon the question whether it comes within the operation of section 3219, article 1, *i. e.*, whether the mortgagor has been ten years in continuous possession claiming adversely to the mortgagee ?

It was said in *Lewis v. Schwenn*, 93 Mo. 26, after a citation of cases in this state: "From these decisions there can be no doubt but the statute does apply to mortgages. The question then is which statute applies, that in relation to personal actions or that in relation to real actions; both operate as a bar in ten years. The suit to foreclose a mortgage is based upon a deed with a defeasance. The suit concerns land. Its object is to foreclose the equity of redemption. The fact that it is done now by decree and sale, and not by a strict foreclosure does not change the nature of the suit. The ten years' statute with respect to personal actions may

apply to the note, so as to prevent any judgment over, but, as to the mortgage itself and relief thereon, the ten years' statute with respect to real estate must be resorted to." And in *Booker v. Armstrong*, 93 Mo. 50, it is said: "It has been held in this state that though the note or bond secured by a mortgage or deed of trust may be barred, so that no action can be maintained thereon, yet the mortgage may be enforced by foreclosure or a sale under the deed of trust," citing *Chouteau v. Burlando*, 20 Mo. 483; *Cape Girardeau County v. Harbison*, 58 Mo. 90; *Wood v. Augustus*, 61 Mo. 46; *Lewis v. Schwenn, supra,* and adding: "In the case last cited it is held that to bar a foreclosure it must appear that there has been ten years' possession of the property adverse to the mortgagee."

This may now be considered the settled doctrine in this state, and the only question in this case necessary to be determined is whether the possession of the defendant and his grantors has been adverse to the mortgagee—the plaintiff. The rule laid down in 1 Jones on Mortgages, section 672, in relation to the possession of the mortgagor is that "his possession is at common law consistent with the right and title of the mortgagee. But a mortgagor may by his declarations and acts repudiate the mortgage, deny the title or right claimed under it and convert his holding into an adverse holding. So may the grantee of the mortgagor."

We look in vain through the evidence in this case for any act, word or deed by the mortgagor or any of the grantees claiming under him repudiating this mortgage, or denying any right or title claimed under it. On the contrary we find the defendant and his immediate grantor purchasing and selling the premises upon the faith of its existence as a valid and subsisting lien on the premises, and in the most impressive manner declaring their holding to be under it and subject to it, the one by executing a deed, the consideration of which

consisted in great part of the mortgage debt secured by it, reciting the mortgage and conveying subject to it, and the other by accepting such deed and thereby assuming the payment of that debt; besides there was evidence tending to prove, and the court found as a fact, that the deed was executed in pursuance of a written agreement to convey, containing the same stipulations, and delivered to defendant in November, 1881. There can be no question that plaintiff's action to foreclose the mortgage was not barred by ten years' adverse possession, and that the judgment herein, which was simply one of foreclosure, was right.

It is, therefore, affirmed. All concur, except BARCLAY, J., absent.