HANNAH *et al.*, *Appellants*, v. HANNAH *et al.*

DIVISION ONE.

1. **Demurrer**: APPELLATE PRACTICE. A demurrer is itself a matter of record proper, and is reviewable on appeal without the aid of bill of exceptions or a motion for new trial.

2. **Homestead**: MORTGAGE: FORECLOSURE. In a partition suit instituted by some of the adult heirs of a deceased mortgagor in regard to land occupied as a homestead by his widow and minor heirs, plaintiffs cannot compel a foreclosure of the mortgage where the widow has kept up the interest, and the mortgagee does not ask for a foreclosure.

3. ———: LIABILITY FOR DEBTS. Land subject to a homestead therein may be sold for the payment of debts. (*Poland v. Vesper*, 67 Mo. 727.)

4. ———: FRAUDULENT CONVEYANCE. So, where the fee simple of the land covered by the homestead has been fraudulently conveyed by the homesteader in his lifetime, his creditors may, after his death, subject to sale for their debts the remainder, after the widow's homestead.

*Appeal from St. Clair Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*W. O. Mead* for appellants.

(1) The homestead can exist only where the legal title is vested in the head of the family; at the time of his death it does not exist in a mere equity in the land. R. S. 1889, sec. 5441. (2) The homestead may be sold in partition where the land is not susceptible of division, subject to the homestead rights of the widow and minor children. R. S. 1889, sec. 5439; *Poland v. Vesper*, 67 Mo. 727.

*W. P. Sheldon* and *E. J. Smith* for respondents.

(1) The appellants have filed no statement of this cause and the appeal should be dismissed. R. S., sec. 2301. (2) A homestead can exist where the head of a family has only an equitable interest. 13 Mo. App. 41; 66 Mo. 375; 96 Mo. 142; Thompson on Homesteads, sec. 220. (3) A homestead cannot be sold in partition as prayed in the petition herein. 13 Mo. App. 397; 15 Mo. App. 249. (4) This case is an effort of some of the heirs of the mortgagor, against the wish of the widow and the other heirs and against the desire of St.. Clair county, to compel the foreclosure of a mortgage given by the ancestor to St. Clair county. This, too, when so far as appears the mortgage is not yet due. Such effort cannot succeed.

SHERWOOD, P. J.—In 1855 the south half of the northeast quarter of section 10, township 38, range 25, known as swamp land, was sold by order of the county court of St. Clair county, on a credit of one year, the purchaser giving bond and receiving a certificate of purchase from the sheriff. The purchaser at this sale was one Cox, at the price of $100; gave bond as required and received his certificate.

In February, 1857, Cox, by his deed, conveyed to Joseph Hannah all his right, title and interest in the land, subject to the payment of the purchase money, Hannah assuming the payment of that, and giving his own bond in lieu of that given by Cox, and securing the bond by mortgage, duly recorded. Hannah paid the interest on this bond up to the time of his death.

St. Clair county never executed any conveyance to Hannah, but it was occupied by him as a homestead up to the time of his death, which, it seems, occurred after the year 1875, and his widow and minor children still occupy the land as a homestead.

This suit is one brought by some of the adult heirs for the partition of said land, and it is brought against some of the adult heirs as well as the widow and minor heirs of the decedent.  After averring that the bond is due and unpaid the petition concludes thus:  "That said defendants fail and refuse to pay their proportion of the money necessary to pay off and discharge said bond and mortgage given for the purchase money aforesaid.  That there are no debts due by said estate of Joseph Hannah, deceased, other than for the purchase money for said land as aforesaid.  That said land cannot be divided between the parties aforesaid without great prejudice to the interests of all concerned in said land.

Plaintiffs, therefore, demand judgment that said land be sold, subject to any homestead right the widow and minor children may have therein, and the proceeds applied to the payment of the purchase money for said land, and all in excess thereof be divided, share and share alike, between Francis D. Hannah, Martha Cripe, Nancy McFarland, Joan Cripe, Thomas J. Hannah, Vienna Hannah, plaintiffs herein, and Nathaniel Hannah, Henry Hannah, William Hannah, Jefferson Hannah, George Hannah and Cora May Cripe, defendants herein, and that such sale shall carry all the interests of all the heirs of the said Joseph Hannah, deceased, herein named, and all the right, title, interest and estate which said St. Clair county has and holds for the use and benefit of the common-school fund thereof, and for such other and further relief as may be proper."

The defendants, among them St. Clair county, made joint answer as follows:  "Now come the above-named defendants, and, for answer to plaintiffs' petition herein, say that it is true that the lands in the petition described were, by act of congress, granted to the state

of Missouri; that the county court of said county, by its order, directed the sheriff of said county to sell said land, which was done as stated in the petition; that Joseph W. Cox became the purchaser thereof for the sum of $100, and gave his bond with security therefor, as required by law; that afterwards Joseph Hannah bought all of the right, title and interest of the said Joseph W. Cox in and to said lands, and assumed the payment of the bond of the said Joseph W. Cox, and gave his own bond instead thereof, and, to secure the payment of said bond, he gave a certain mortgage deed upon said land; that the said Joseph Hannah paid the interest on said bond up till his death.

"That said Joseph Hannah departed this life, as stated in the petition, seized and possessed of the land named in the petition, together with certain other lands, the whole constituting his homestead; that all of the lands of which the said Joseph Hannah died seized do not, and did not, at his death, amount to one hundred and sixty acres, and that all of said lands are not worth, and were not then, over $800.

"That St. Clair county holds a mortgage on the lands described in the petition for the sum of $157; that the defendant, Mary Hannah, is the widow of the late Joseph Hannah, and with two of the defendants, Nathaniel Hannah and Henry Hannah, minor heirs of the late Joseph Hannah, live and have, ever since the death of Joseph Hannah, lived on said lands, and occupy the same as a homestead; that said Mary Hannah keeps the interest promptly paid on said debt, when the same becomes due and payable; that the county court of said county has refused to make an order directing the foreclosure of said mortgage. Defendants say that the defendant, Mary Hannah, is the widow of Joseph Hannah, deceased, and the head

of a family, and the lands described in the petition are a part of her homestead.

"Defendants say the plaintiffs ought not to recover in this action for the reason that the defendant, Mary Hannah, is entitled under the laws of Missouri to said lands as a homestead during the minority of her children, and that after their majority she is under the law entitled to the same as a homestead during her natural life.

"Wherefore, the defendants pray that the court will, by its proper order and decree, set apart said land as a homestead for the defendants, Nathaniel Hannah and Henry Hannah, during their minority, and for a homestead for the defendant, Mary Hannah, during her natural life, and for such orders and decrees as justice and equity may require."

To this answer the plaintiffs filed a general demurrer but the court held the answer sufficient in law, and the plaintiffs declining to plead further the petition was dismissed and final judgment entered on the demurrer.

I. There was no manner of necessity of filing a motion for a new trial and then preserving that motion in a bill of exceptions in order to review the action of the trial court on the demurrer. A demurrer being a matter of record requires no such adventitious aids in order to its preservation; it would keep without. *Spears v. Bond*, 79 Mo. 467.

II. The controlling question in this cause, however, is this:

Did a portion of the adult heirs have the right to have the homestead sold for the payment of the debt for the purchase money, and the surplus proceeds divided among the heirs when the interest was kept promptly paid by the widow, and the county court of

the defendant county refused to have the mortgage foreclosed?

It is true that under the provisions of section 5439, Revised Statutes, 1889, the land covered by the homestead was, except as to such homestead, "subject to the laws relating to devise, descent, dower, partition and sale for the payment of debts against the estate of the deceased."

That the land, except the homestead, may be sold for the payment of debts, has been decided in *Poland v. Vesper*, 67 Mo. 727. And it has recently been ruled by this court that, where the entire fee of the land covered by the homestead was fraudulently conveyed by the homesteader in his lifetime, after his death his creditors might proceed to subject to sale the reversionary interest in such land, leaving the widow in possession and enjoyment of her homestead right. Here, however, the plaintiffs desire to go further; they desire not only to deprive their widowed mother and the minor children of the shelter of a homestead, but to have the same sold for the collection of a debt in whose collection they have no imaginable concern. If the county does not desire to foreclose the mortgage it is certainly no concern of the plaintiffs; and in no event could they have the land sold only as subject to the homestead right of the widow and the minor orphans, who are entitled to stay there during the period allotted by law.

The judgment of the circuit court was clearly right, and it is hereby affirmed. All concur, but BARCLAY, J., and he is absent.