TUCKER v. WELLS, *Administrator, et al., Appellants.*

Division One, July 2, 1892.

1. **Homestead:** MORTGAGE, WIFE NOT JOINING IN. Under Laws, 1873, page 16 (same as Laws, 1875, sec. 1, p. 60, and Revised Statutes, 1879, sec. 2689), providing that, after the filing of claim by the wife to homestead property standing in the name of the husband, he shall be debarred from selling, mortgaging, etc., the homestead, the husband may, until such filing of notice, mortgage the homestead without the wife's joining. ·

2. **Mortgage:** ADMINISTRATION: PRIORITIES. The fact that demands exhibited against an estate within a year after the granting of letters of administration are of a higher class than those exhibited thereafter is of no importance in an action to foreclose a mortgage on land belonging to the estate, though it may become so, if, thereafter, an allowance for a deficiency is asked against the general estate.

3. ———: STATUTE OF LIMITATION. Foreclosure of a mortgage is not barred by the fact that action on the note secured thereby is barred.

*Appeal from Platte Circuit Court.*—HON. J. M. SANDUSKY, Judge.

.AFFIRMED.

*Jas. W. Coburn* for appellants.

(1) The proviso in the latter part of section 2689, Revised Statutes, 1879, authorizing husband and wife to mortgage a homestead, clearly forbids the husband alone to mortgage it. The mortgage to Tucker, executed by Moore alone, without the joinder of his wife, is void. *Riecke v. Westenhoff*, 85 Mo. 642; *Kaes v. Gross*, 92 Mo. 659; 9 American & English Encyclopedia of Law, pp. 485, 486, and notes. It is void, not merely as to the homestead rights of the wife, but absolutely and wholly void. *Conway v. Elgin*, 38 N. W. Rep. 370, and note; *Barton v. Drake*, 21 Minn. 299. Such a mortgage does not even constitute an incumbrance on the land. Thompson on Homesteads [1 Ed.] sec. 590, p. 490; *Day v. Adams*, 42 Vt. 510. (2) Prior to 1879 the husband could, by his sole conveyance, defeat the prospective right of the wife to homestead. This was remedied by the proviso in section 2689, Revised Statutes, 1879. This proviso did not prevent the husband by his abandonment of the homestead, or other act, from defeating the wife of the present enjoyment of the homestead. This was remedied by giving her the right to file her claim to it, thus securing her and her children in a home despite the acts of her husband. Thompson on Homesteads [1 Ed.] sec. 230, and following. (3) The mortgage being so void, the note it was given to secure was barred by the statute of limitations, as it was dated in 1873. If the only effect of the mortgage was to prevent the statute of limitations running against the note, then the note was a debt to be proved against the estate, and not a charge against the land. (4) The agreed statement shows that the whole land was worth only $3,000, and that the prior mortgage to Gabbert amounted to over $1,500, making the value of the land, after satisfy-

ing the Gabbert mortgage, less than $1,500, the limit for a homestead. (5) The mortgagor, Moore, being dead, it was necessary to make his administrator a party to the foreclosure suit. Revised Statutes, 1889, sec. 7082.

*N. B. Anderson* for respondent.

(1) The mortgage is not barred. *Lewis v. Schwenn*, 93 Mo. 26; *Booker v. Armstrong*, 93 Mo. 58, and cases cited. Besides giving the mortgage is an acknowledgment in writing of the existence of the debt and, therefore, directly within the letter of the statute. Revised Statutes, 1879, sec. 3248. (2) *First.* Section 2689, Revised Statutes, 1879, gives every householder a homestead. *Second.* Section 2693, Revised Statutes, 1879, gives his widow and minor children the homestead in case of the death of the householder mentioned in section 2689, *supra*. *Third.* The latter part of section 2689, *supra*, gives the wife the right to file her claim in her husband's homestead, but she has no vested interest in it as a homestead until she does so. Thus, it will be seen that the Missouri homestead law provides 'for three kinds of homesteads: The *first* takes effect when the deed to same is filed for record; the *second*, upon the death of the husband; and the *third*, when the wife files her claim. But the wife in this case never filed any claim of homestead; therefore, it never took effect. But independent of all this defendants cannot take advantage of the homestead exemptions even if they existed in this case. *Parks v. Ins. Co.*, 100 Mo. 373; *Osborne v. Schutt*, 67 Mo. 712; *Furlong v. Thomson*, 19 Mo. App. 367; *Hombs v. Corbin*, 20 Mo. App. 507: Thompson on Homesteads, secs. 820, 458, 487. (3) The case of *Riecke*

*v. Westenhoff*, 85 Mo. 642, has no application to the case at bar, because in that case the point is not made that the widow had not filed her claim for homestead. The cases, *Kaes v. Gross*, 92 Mo. 659; 97 Mo. 186; 99 Mo. 549, have no application to this case, because in those cases the testator willed his property, and, as a will does not take effect until after the death of the testator, the will is counteracted by section 2693, Revised Statutes, 1879, which gives the homestead to the widow and minor children upon the death of the husband.

BARCLAY, J.—This is an action to foreclose a mortgage. It was commenced July 10, 1889.

The facts on which the judgment in the circuit court rests were submitted there by an agreed statement, upon which that court found for the plaintiff. Defendants appealed in proper form.

The mortgage covers land which was occupied as a homestead by William Moore and his wife during his life. He died in 1887. Defendant Wells is his administrator.

I. The first point is that the mortgage is void because the wife did not join in it. The husband, Mr. Moore, alone executed it, August 8, 1879, to secure his note, dated January 15, 1873.

That section of the homestead law by which this case is governed (Laws, 1873, p. 16, same as section 2689 of 1879) requires joinder of the wife in a mortgage of the homestead property (standing of record in the husband's name) only where her claim to the property, as such homestead, has been filed and recorded as provided in that section. "After the filing of such claims, duly acknowledged, the husband shall be debarred from, and incapable of, selling, mortgaging," etc., the homestead; but, until such claim be filed

by the wife, the statutory disability of the husband to deal independently with the homestead (as in this instance) does not attach.

Here it is admitted that no such claim was ever filed or recorded. So the mortgage in question must be held a valid charge upon the property, under the section mentioned and section 1 of Laws of 1875 (p. 60), same as section 2693 of the revision of 1879.

Our homestead statute differs from the laws of other states on this subject, rendering their decisions inapplicable. On the point under discussion the terms of our law are so clear as to dispense with the necessity of any elaborate inquiry into its meaning.

II. It is next claimed that, as this action to foreclose was not begun until more than one year after the publication of the administrator's notice of his letters, a certain judgment against the deceased, in favor of a Mr. Hall (which had been filed and classified in the probate court within the year), is entitled to priority of payment in the course of administration.

This point was raised by the answer of Hall, who intervened and was made a party defendant in the trial court. (It is not claimed in this connection that plaintiff's mortgage is barred by the short special statute of limitations in favor of such estates.)

Under the administration law, the mortgaged property is the primary fund for the satisfaction of the secured debt (Revised Statutes, 1889, sec. 190); and, until at least a probate allowance for a deficiency is asked against the general estate, no question of priorities in the allowance or classification of this demand can arise. The mortgage creditor is certainly entitled, in this proceeding, to first exhaust his security, according to the terms of the mortgage. That is the only relief asked by him in the present case.

III. As regards the effect of the general statute of limitations on plaintiff's rights, all that need now be said is that, under repeated rulings of this court, a mortgage is not necessarily barred by the period that bars the evidence of the debt secured thereby. *Lewis v. Schwenn* (1887), 93 Mo. 26; *Booker v. Armstrong* (1887), 93 Mo. 49.

Ten years had not passed since the creation of the incumbrance when this action was instituted. Within that period at least, such proceedings may be begun as the cases last cited establish.

IV. Moreover, it appears from the agreed case that Mrs. Moore died in July, 1889; and that neither she nor her husband left any minor children. So that, under the ruling of this court in *Poland v. Vesper* (1878), 67 Mo. 727, plaintiff would clearly have been entitled to enforce his mortgage, subject to the widow's estate of homestead; and, for stronger reason, he would be entitled to enforce it after the expiration of that estate; provided always that that security was valid in its inception.

We think it was, for the reasons stated in the first paragraph of this opinion. That proposition is, indeed, decisive of the case, and, as we resolve it, leads to an affirmance of the judgment. SHERWOOD, C. J., BLACK and BRACE, JJ., concur.