H. R. BATES, Defendant in Error, v. JOHN W. MILLER et al., Plaintiffs in Error.

1. *Mortgages and deeds of trust — Suit for foreclosure — Party coming in and defending against claim for debt must show his interest — Construction of statute.* —Where, in a suit to foreclose a mortgage, parties are let in to defend under a *prima facie* title, and, in accordance with the provisions of section 7 of the act touching mortgages (Wagn. Stat. 955), answer in bar of the debt secured by the mortgage, their interest in the property encumbered may be put in issue by the pleadings. The requirement to set up their interest

is implied from the terms of that section which permit him to become a party at all.

When the mortgage was in fact satisfied, their interest could not be impeached in a direct proceeding by them to avail themselves of their title. In such case the mortgagee would be an intermeddler as between them and others, and would have no interest of his own to protect.

### Error to Sixth District Court.

*Crews, Letcher & Laurie*, for plaintiffs in error.

I. Maupin & King proved conclusively, and the court in its decision admits the fact, that the debt which Bates claimed to be assigned was fully paid and extinguished; and further, that the sheriff's deed, regular and formal on its face, was *prima facie* evidence of title in Maupin & King.

II. The sheriff's deed, perfectly regular and formal on its face, shows a strict compliance with every requirement of the statute. Could its validity and correctness be thus collaterally questioned? (Landis v. Perkins, 12 Mo. 238; Reid v. Heirs of Austin, 9 Mo. 722.)

*Dryden & Dryden*, for defendant in error.

These plaintiffs were admitted in the case upon the theory that they had an interest in the land sought to be affected by the suit, to be protected and defended. But when their theory was shown to be without foundation, any further interference became mere impertinent intermeddling.

BLISS, Judge, delivered the opinion of the court.

The plaintiff files his petition to foreclose a mortgage executed by defendant Miller. Maupin & King, upon their own motion, are made parties, and answer, setting out their interest in the premises as purchasers at sheriff's sale, and alleging a satisfaction of the mortgage. Miller makes default. The reply denies the interest of Maupin & King and denies satisfaction. Upon the trial the default was taken as to Miller, and Maupin & King offered the sheriff's deed to show their interest, and also evidence

to show the satisfaction; and the plaintiff, to rebut, showed that the execution sale at which they purchased was made under a special execution, a *venditioni exponas*, which did not order the sale of this property, and which contained no order to make a further levy. Under this evidence the court held that Maupin & King had no interest in the property, and no right to make defense, and gave judgment against Miller and an order to sell the property.

There is no doubt in regard to the interest of Maupin & King. The sale at which they purchased was simply void, and they took nothing by their deed. (Maupin v. Emmons, 47 Mo. 304.) But the question arises whether, having been properly let in to defend under a *prima facie* title, and having answered in bar of the debt, their interest can be put in issue. The issues were made up on the supposition that this could be done. The answer of Maupin & King sets forth their interest in detail, and asks for affirmative relief. They style their answer an interplea, and offer evidence to show their interest and their right to the relief sought. They evidently supposed that this was a material part of their case, and considered the proceedings analogous to 'an interplea in attachment. If their view was correct, then the question of interest was material and issuable, and its decision against them would turn them out of court. If otherwise, if the question of interest is no longer to be considered, then the allegations of the answer in regard to it might have been treated as surplusage and the hearing been had upon the matter in bar.

The language of the statute is somewhat ambiguous, and the subject is not without difficulty. "Any person claiming an interest in the mortgaged property may, on motion, be made defendant to any such proceedings, and may answer in avoidance or bar of the deed, or debt, or damages, and issue shall be made and tried as in other civil suits." (Wagn. Stat. 955.) This might imply that any person claiming an interest or showing an apparent interest may become a party, and, when made so, may make any defense upon the merits. In that view the question of interest or the right to be made a party is decided upon the motion, and cannot be put in issue by the pleadings. The objec-

tion to this view is that strangers might be let in to interfere in matters that do not concern them. It might be easy to make the claim to show a *prima facie* interest when really there is none whatever; and yet, when let in, the fact that they have nothing to protect cannot be shown, and they may intermeddle and make defenses against the will of the real parties in interest. The other view apparently interpolates the statute and requires the new party to set up his interest, as well as authorizes him to answer to the merits. And yet would it be an interpolation? Is not the requirement to do so implied from the fact that he has become a party, and, having become so, must show his title? For what else is he made a party but to protect his interest? This is a statutory proceeding analogous to a bill of foreclosure, to which persons not original parties may become so, and the permission to make an issue upon the merits should not dispense with the obligation to show the right to be there at all. The practice, then, adopted by the parties in the case at bar is the better one, *i. e.* for any one claiming an interest to be permitted to answer, setting it up, and making the defenses spoken of in the statute. If the interest so set up be denied, its consideration is necessarily involved, and, if not found to be real, the intruding party should not be permitted to make defenses for others.

It is said that the plaintiff, if his mortgage is satisfied, has no right to impeach the title of Maupin & King. Certainly not in a proceeding by them to avail themselves of their title. He would be an intermeddler as between them and others, and would have no interest of his own to protect, and would not be permitted to protect that of persons who are strangers to him.

This view is consistent with the reasoning of Judge Napton in Wall v. Nay, 30 Mo. 494, although the question there considered is not the same as the present one; and being the view held by the court below, the judgment will be affirmed. The other judges concur.