Wood v. Augustine, Sr., et al.

DAVID P. WOOD, Appellant. *vs.* ALOISE AUGUSTINE, SR., *et al.*,
Respondents.

1. *Executions—Venditioni exponas under act of* 1863—*Sale of additional prop
erty—Title.*—Under the act of March 3d, 1863 (Sess. Acts 1863, p. 20, § 1),
where an execution was an ordinary *venditioni exponas* not commanding a levy
upon property in addition to that formerly seized, a sale of property not in-
cluded in the previous levies would convey no title.

2. *Trustee—Purchaser from with notice of trust—Doctrine as to—Application of to
sales at public vendue.*—The doctrine that a purchaser from a trustee with no-
tice of the trust shall be charged with the same trust in respect to the prop-
erty as the trustee from whom he purchased, has no application to sales of
trust estates at public vendue in accordance with the deed.

3. *Trustees—Sale under deed of trust without request of beneficiary.*—Where the
power of a trustee, in a deed of trust given to secure a number of creditors, to
sell, is conditioned simply on the non-payment of the deed, and not on the re-
quest of any one of the beneficiaries, he may sell on default without such re-
quest, and a recital, in his trustee's deed to the purchaser, that such request
was made, may be treated as superfluous. And a beneficiary, purchasing at
such sale, takes, not merely a trust for his co-beneficiaries, but, a valid title as
against them.

4. *Note—Mortgage to secure—Action on after statute has barred note.*—Where,
before a note is barred by the statute, a mortgage is given to secure its pay-
ment, a recovery may be had on the mortgage, although at the date of bring-
ing suit, the time limited by the statute has expired, and the note standing
alone would be barred by its operation.

5. *Sheriff's sale—Purchaser cannot attack former conveyance of judgment debtor
without showing good title.*—A purchaser at sheriff's sale cannot attack a prior
conveyance by the judgment debtor on the ground of fraud, without showing
an equitable or legal title in himself.

*Appeal from Franklin Circuit Court.*

*Ewing & Smith, with James Halligan,* for Appellant.

I. The property sold to Maupin & King was not embraced
in the writs of *venditioni exponas,* and hence they got no
title. (Maupin vs. Emmons, 47 Mo., 305 ; Means vs. La-
Vergne, 50 Mo., 343 ; Bates vs. Miller, 48 Mo. 409.)

II. The defendants having shown no legal or equitable title
in themselves, were not in a situation to question the *prima
facie* title of plaintiff, nor to go into an investigation of the
alleged frauds of Hammock and others. Defendants were
strangers, and were in no way affected by the alleged fraud,
and certainly could not be heard to impeach plaintiff's title

for fraud. (McLaughlin vs. McLaughlin, 16 Mo., 242; Reed vs. Willams, 48 Mo., 344; Sto. Eq., ch. vii, §§ 371–2, et seq ; Johnson vs. Jeffries, 30 Mo., 423; Hiney vs. Thomas, 36 Mo., 377; Bates vs. Miller, 48 Mo., 409; 47 Mo., 304.)

III. Even though the debt was barred by the statute of limitations, yet it could be enforced as long as the deed of trust was effectual and available. (Ang. on Lim., 77–8.)

The deed of trust would continue in force twenty years, and until the lapse of that time no presumption of payment could arise. (Chouteau vs. Burlando, 20 Mo., 482; Ang. on Lim., 497.)

IV. But in this case there was an acknowledgment in writing of the subsistence of the debt in the execution of the deed of trust, within ten years next before the sale by the trustee, and therefore the statute of limitations could have no application to the case. (Moreau vs. Detchemendy, 38 Mo., 522; McNair vs. Lott, 34 Mo., 285; 2 Washb. Real Prop., 219, s. p., 590.)

V. The trustee was authorized to sue on a default. No concurrence of all the beneficiaries was stipulated in the deed of trust, and none was necessary. (Hill Trust., 476–9, et seq ; 9 Mo., 280; Barnett vs. Pratt, 22 Pick., 556.) But neither defendants nor their grantors were beneficiaries. They were strangers, and had no right to complain if any irregularity existed.

*J. B. Martin, with T. A. Lowe,* for Respondents.

I. Having purchased the land at the trustee's sale, without the consent or even notice of his co-beneficiaries, plaintiff takes the land as a trustee for them, and therefore cannot maintain this action, because there are other parties whose interests cannot be determined in this proceeding. (Perry Trusts, I Vol., §§ 217, 297; 2 Vol., 228; Tiff. & Bul. Tr. pp. 97, et seq.) They have a substantial outstanding equitable title which would bar plaintiff's recovery in his own right. (Gurno vs. Janis, 6 Mo., 330; McDonald vs. Schneider, 27 Mo., 405; Noreum vs. D'Œnch, 17 Mo., 98.)

II. The trustee had no authority, under the deed, to sell merely on the request of plaintiff, and his deed to plaintiff was void.

NAPTON, Judge, delivered the opinion of the court.

This was an ejectment to recover certain lots and lands in Franklin county. The plaintiff's title originated in a sale by a trustee, made to him under the deed, after due notice and a public auction. The deed of trust was made January 2d, 1861, by one Hammock and wife to a trustee, J. W. Ming, the party of the third part being W. C. Ming, and recites that whereas the said Hammock, on the 3d of November, 1860, made and delivered to W. O. Ming, of the firm of Ming, Meeghan & Co., his obligation assuming the payment of certain debts particularly described in a schedule attached to the deed, and the said W. O. Ming here assumed other debts, &c., more particularly set forth in another schedule; then if said Hammock should pay said debts, the deed was to be void, etc., otherwise to remain in full force, and the said J. M. Ming may proceed to sell the property, or so much as may be necessary to pay the amount in said schedule, at public vendue, for cash, at New Haven, first giving thirty days' notice by advertisement, etc., and upon the sale and purchase shall execute and deliver a deed, etc.; and any statement of facts as recited by the said trustee in relation to the non-payment of the money and the advertisement, sale, receipt of the money and the execution of the deed, should be *prima facie* evidence of such facts, and the trustee shall, out of the proceeds, proceed to pay, etc. The two schedules contained the names of a great number of creditors, among whom was Wood, the plaintiff in this case.

Wood became the purchaser at this sale, and the sufficiency of the notice and of the deed are not disputed. The sale was made in 1870, and the deed also.

The defendants relied on a deed from the sheriff under a sale on a *venditioni exponas* made prior to the sale by the trustee, and deeds from the purchaser at said sale to them;

and then offered a variety of deeds to show that Hammock's deed of trust was fraudulent.

Hammock, it was agreed, had been adjudged a bankrupt and discharged in 1867.

The defendants were in possession, and had made valuable improvements on the land.

There was evidence given by defendants to show that the deed of trust was fraudulent and void.

The following instructions, or rather declarations of law, were given, and as they explain the grounds upon which the case was decided, they are copied:

1. "The execution under which the property was sold by the sheriff in 1864 was an ordinary *venditioni exponas* without command to levy on additional property, and the sheriff had no authority to levy upon other property not included in former levies, and the levy by him on lots 103 and 104 was without command of the writ and without authority, and the sale under said levy to Maupin & King was void, and the sheriff's deed under said sale conveyed no title to Maupin & King, and they took no title thereby."

2. "The defendants in this case claiming under Maupin & King who had no title, are not in a situation to inquire into the alleged frauds of the deeds of Ming and Hammock to J. M. Ming. Having neither equitable nor legal title to the property in question, they cannot investigate said alleged frauds."

3. "If the court believes that the defendants claim title by deeds of warranty, and are in possession of the same under said deeds, and in good faith have cultivated said lands and erected improvements thereon, then such facts constitute in law a color of title sufficient to entitle the defendants to set up an equitable defense to plaintiff's right of recovery."

4. "If the court finds that at the time of the sale of the premises by the trustee, the notes of Wood mentioned in schedules A. and B. attached to the deed of trust, are barred by the statute of limitations, then such sale was void, and said trustee's deed to plaintiff vested in him no title whatever.

5. "If the plaintiff was one of several beneficiaries in the said deed of trust and directed the said trustee to sell under said deed, and said trustee did sell, and plaintiff became the purchaser at said sale, then such sale is void, and the issues must be found for defendants, unless the remaining unpaid beneficiaries joined in such request."

'These are the instructions given—some asked by plaintiff, and some by defendant.

The first instruction is manifestly in accordance with the opinion of the court in Maupin and others vs. Emmons, 47 Mo., 305 ; Bates vs. Miller, 48 Mo., 409, and Means vs. La-Vergne, 50 Mo., 343.

The 4th and 5th instructions present the points upon which the case turned in favor of defendants, and we think they were wrong.

The doctrine that a purchaser from a trustee with notice of the trust shall be charged with the same trust in respect to the property as the trustee from whom he purchased, has no application to sales of trust estates at public vendue in accordance with the deed.

The sale by the trustee was authorized by a failure to pay the debts secured by the express provisions of the deed. The power to sell was not conditioned on the application of any particular creditor secured, but upon the failure to pay ; although the failure to pay the debt secured and the request of one of the creditors was recited in the deed made by the trustee, such recital was superfluous. It was sufficient to authorize a sale that there was a failure to pay the debts secured at the time they were due. To require all the beneficiaries to unite in the request is not provided for in the deed, and to hold the purchaser's title at a sale made in conformity to such deed, to invest him merely with a trust for the co-beneficiaries, would defeat the purposes of such deeds and sales.

The position of the court that if the notes were barred at the time of the sale, the sale was void cannot be sustained. The notes were not barred in '61, when the deed was given, but the sale took place nine years after the deed. There is some di-

versity of opinion as to whether suit can be brought on a note barred by the statute of limitations, where its payment is secured by a mortgage or deed of trust. (2. Sm. & M., 687; 2 Hill. Mort., ch. 25, § 25; Alney vs. Wilbur, 2 M. & Min., 371.) But it seems to be well settled, though not without some diversity of opinion, that an action may still be maintained on a mortgage, notwithstanding the lapse of a period of time sufficient to bar the debt if it stood alone. (Thayer vs. Mann, 19 Pick., 535; Bank, etc. vs. Guttschlick, 14 Peter's R., 19; 2 Hill. Mort., ch. 25, and cases there cited.)

In the present case, as the note was not barred when the deed of trust was executed, the latter might well be regarded as a re-acknowledgment of the note.

The second instruction given in regard to the right of the defendant to inquire into the alleged fraud of the parties to the deed of trust is in conformity to the opinion of this court in Hiney vs. Thomas, and others (36 Mo., 378). The defendant did not show himself to be a creditor even, much less one who had a lien either by judgment or attachment.

The judgment must be reversed and the cause remanded.