MAGEE, *Curator, Appellant,* v. BURCH.

DIVISION ONE.

1.    **Practice:** FINDING OF TRIAL COURT.   The finding of the court in an action at law tried without a jury is as conclusive in the supreme court as the verdict of a jury.

2.    **Deed of Trust:** VOID SALE.   A sale of land under a deed of trust without the authority of the owner of the debt is void.

3.    **Supreme Court Practice:** EVIDENCE.   An objection to the admission of a note in evidence because the signature was in one handwriting and the residue of the note in another, which was overruled in the court below, will not be considered on appeal, when there is nothing in the record to show any difference in the handwriting.

4.    —— : WITNESS: STATUTE.   A wife is not disqualified under Revised Statutes, 1889, section 8918, to testify to the fact that a note was given to her by her deceased husband. not as a gift, but because it represented her own land and belonged to her.

Magee v. Burch.

5. **Deed of Trust:** PURCHASER WITH NOTICE. Where an administrator causes land to be sold under a deed of trust to pay a debt not due the estate and buys the same in for the heirs he cannot be deemed a purchaser for value without notice.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*J. D. Sparrow, J. F. Williams* and *B. E. Guthrie* for appellant.

(1) A deed fair upon its face cannot be assailed collaterally in an action at law under a mere general denial. *Fallet v. Heath*, 15 Wis. 601; *Patchin v. Pierce*, 12 Wend. 61. (2) The description of the note is clear and definite. Besides evidence is admissible to identify it. *Gimbel v. Pignero*, 62 Mo. 240. (3) Mrs. Johnson's deposition was improperly admitted in evidence. Its only tendency was to vary and contradict the deed of trust by parol evidence. This cannot be done. The deed said it was her husband's; she said it was hers. *Rubey v. Mining Co.*, 21 Mo. App. 159; *Reed v. Nicholson*, 37 Mo. App. 646; *Tracy v. Iron Works*, 104 Mo. 193; *Bell v. Jameson*, 102 Mo. 71, 75. (4) Mrs. Johnson says John Walls gave her the note. This makes her one party to a contract and John Walls the other party. But John Walls is dead. How can she testify? Did or did he not give it? is the contract and issue on trial, so made by defendant's evidence, if not by his pleading. R. S. 1879, sec. 8918; *Ringo v. Jameson*, 66 Mo 424; *Chapman v. Daugherty*, 87 Mo. 617. (5) The deed of trust secures the debt as long as it subsists, and the change in form of the evidence of the debt is immaterial. *Christian v. Newberry*, 61 Mo. 446; *Johnson v. Johnson*, 81 Mo. 331; 2 Hilliard on Mortgages [Original Ed.] sec. 45, pp. 172, 173; *Lippold v. Held*, 58 Mo. 213; *Wiener v. Peacock*, 31 Mo.

VOL. 108—22

App. 238; 1 Hilliard on Mortgages [4 Ed.] secs. 3, 4, pp. 476-8.

*Dysart & Mitchell* for respondent.

(1) The married woman's act guards the title of the wife against the husband in her separate property until she shall in writing consent for him to have and dispose of it for his own use and benefit. (2) Although Mrs. Walls received a portion of this money from her father's estate prior to the married woman's act of 1875, yet she managed it as her own, and with her husband's consent invested it in lands in her own name. It thus remained the property of the wife, and became her statutory separate estate on the passage of the statute. The husband had never reduced it to possession. *Botts v. Gooch*, 97 Mo. 88. (3) The husband cannot buy in for himself an adverse title to his wife's land. Much less could his administrator. Such a purchase would inure to the benefit of the wife. *Hickman v. Link*, 97 Mo. 482-493. And such a defense is available under the general denial. *Hickman v. Link*, 465. There being no question of an innocent purchase or of estoppel involved, this case should be decided the same as if John Walls had procured the sale and bid in the land under the deed of trust. *Bangert v. Bangert*, 13 Mo. App. 144. (4) The deposition of Mrs. Rosa Johnson was not incompetent evidence. Section 8918 of the statute is an enabling act, not a disabling act. She is not excluded by the terms of said act. She was a competent witness at common law as to the matters testified to. *Bates v. Forcht*, 89 Mo. 121; *Ring v. Jamison*, 66 Mo. 424. She does not testify as to any contract between herself and her husband.

BLACK, J.—The plaintiff Magee prosecutes this action of ejectment as the curator of the minor heirs of John Walls, to recover sixty acres of land in Macon county.

The undisputed facts, as we gather them from the abstracts on the one side and the other, are these: Rosa Walls, who was the wife of John Walls, purchased the land in 1869, paid for the same out of her own means, and took the deed thereto in her own name. Afterwards and on the seventh of March, 1878, she and her husband conveyed this sixty acres and also forty acres, the title to which stood in the name of John Walls, to their son-in-law, Luther C. Linn, for the consideration of $700. On the same day Luther C. Linn executed a deed of trust conveying both tracts to John K. Linn in trust to secure his note for $700, payable, according to the recitals in the deed of trust, to John Walls. The deed was recorded in March, 1878, and the deed of trust in June, 1879.

John Walls died and Rosa Walls was appointed the administratrix of his estate. She then married Mr. Johnson. The dates of these events are not stated. On the third day of January, 1884, Luther C. Linn conveyed the sixty acres in question and also the forty acres back to Rosa Johnson for the consideration of $700 as it is expressed in the deed. In February of the same year, she conveyed both tracts to McKenzie for $550, and in March of the same year he conveyed the sixty acres to defendant for $330. These deeds were all recorded before the dates hereafter mentioned.

Afterwards and in May, 1886, the present plaintiff was appointed administrator *de bonis non* of the estate of John Walls, having been appointed curator of the minor heirs in November of the preceding year. As such administrator he caused the land in suit to be sold by the sheriff under the deed of trust, the trustee having refused to make the sale. The sale was made in July, 1887, and the plaintiff purchased the property at that sale as curator of the minor heirs.

From the foregoing statement, it will be seen the plaintiff's right to recover depends upon the validity, force and effect of the sale made under the deed of trust.

The claim of the defendant is that the note secured by the deed of trust belonged to Rosa Walls, and that it was paid by the reconveyance of the land to her. The evidence on these issues is as follows :

The deed of trust, as has been said, bears date the seventh of March, 1878, and professes to secure a note of that date executed by Luther C. Linn for $700, payable to John Walls in ten years after date with interest payable annually. It does not appear that any such a note was ever inventoried by Rosa Walls as administratrix or by plaintiff as administrator *de bonis non* of the Walls estate. The plaintiff testified that he never had the note or deed of trust; that he could not find them ; that he asked Mrs. Walls for them, and she said she did not have them. He was then asked this question : "When you asked Rosa Walls for the note and deed of trust, did not she give you a little note that she claimed to represent interest?" to which he answered, "She did, on Luther Linn." Plaintiff put this note in evidence. It bears date the twenty-sixth of November, 1882, is for the sum of $118.44, due at one day, payable to Rosa Walls, and is signed by Luther C. Linn.

The defendant put in evidence a note signed by Luther C. Linn, dated the seventh of March, 1878, the date of the deed of trust, for $700, payable to John Walls and Rosa Walls, ten years after date with interest from date at seven per cent. per annum, payable annually. Rosa Johnson, formerly Rosa Walls, in her deposition read in evidence by the defendant, testified that she and her former husband sold the two tracts to Linn for $700 ; that the sixty-acre tract was her separate property ; that the other tract was a government homestead ; that Linn paid for the land by executing the $700 note payable to her and her husband, John Walls ; that Walls gave her the note on the day it was executed, and she had it in her possession ever since that date ; that she did not know there was any

deed of trust given to secure the note, or if there was in whose name it was taken. She says if there was a deed of trust taken by her husband, it was taken without her knowledge or consent. There is also some evidence tending to show that Rosa Walls paid for the forty-acre tract when acquired by her husband.

1.	This record is remarkable for what it does not disclose. Mrs. Johnson was not examined as to the consideration for the reconveyance of the land to her, nor does she state why she kept the $700 note after she accepted that deed from Linn, nor does she state why or for what purpose she gave the small interest note to the plaintiff. Linn does not appear to have been examined by either party; and there is nothing to show why he was not produced as a witness. Nor does the plaintiff state for what purpose he received the small interest note from Rosa Walls. On this point there is a seeming studied silence in his evidence. But whether Mrs. Johnson, formerly Walls, accepted the conveyance of the land back to her in payment of the note and accrued interest is not very material; for there is an abundance of evidence from which the court could find that it was this note held by her which was secured by the deed of trust, and that she was the owner of it.

This is an action at law, and was tried by the court without a jury. In such a case the finding of the court is as conclusive here as the verdict of a jury.

It must, therefore, be taken as a fact that Rosa Walls was the owner of the note secured by the deed of trust. It could not become the property of her husband by virtue of the marriage until he reduced it to his possession, and, as this was not done by him in his lifetime, it did not become assets of his estate. It continued to be her property. *Hart v. Leete,* 104 Mo. 315. As the note did not belong to the estate, the plaintiff had no right to cause the land to be sold under the

deed of trust. The sale was made without any authority from the owner of the debt, and is a void sale. The plaintiff acquired nothing by his purchase.

2. As to the objection to the introduction of the note, because the words, "Rosa Walls," were in one handwriting and the other parts of the note in another, it is sufficient to say, the original note is not before us, and there is nothing in this record to show any difference in the handwriting. An objection based upon a fact does not prove the fact. The fact constituting the ground of objection must be made to appear. The statement of counsel in making the objection proves nothing. It may be the court overruled the objection because the note was all in the same handwriting.

3. The court, it is next insisted, erred in allowing Mrs. Johnson to testify that her former husband gave her the $700 note. The objection is made upon the theory that she was one party to a contract and he the other, and, as he is dead, she cannot testify under the provisions of section 8918, Revised Statutes, 1889.

We do not understand the witness to speak of any contract between her and her husband, or even of a gift from him to her. She does say he gave the note to her, but what she means is that he handed it to her not as a gift, but because it represented her land and belonged to her. This is quite clear from other portions of her evidence. The objection was properly overruled.

4. It is again insisted that the note should have been excluded, because it varied and contradicted the terms of the deed of trust. The deed of trust, in its recital, describes the note as one payable to John Walls, while the note itself is payable to Rosa Walls and John Walls. In all other respects there is no difference. Now, the note and deed of trust are parts of the same transaction, and are to be taken and read together. The deed of trust simply secured the note. Surely, the note itself must prevail over a mere recital

or description of it given in the deed.    The note is the best evidence of its contents.

5.    The contention that the plaintiff is a purchaser for value without notice, and that his rights are to be determined by the face of the deed of trust, because there was nothing on the records to show that the deed of trust had been satisfied, or that the note was payable to Rosa Walls, is not well taken.    The plaintiff purchased the property for the minor heirs, and took the deed to himself as their curator.    He paid nothing for the land, and is in no better position than the minor heirs for whom he made the purchase, and they are in no better position than John Walls would be if alive, and the purchaser at the same sale.    Indeed, the plaintiff, as administrator of the Walls estate, had the land sold to pay a debt not due the estate.    He purchased for the distributees of the estate, so that there is and can be no such a question as that he is a purchaser for value, without notice.

The judgment, which was for defendant, is manifestly for the right party, and it is affirmed.    All concur.