CALVIN E. HULL, Defendant in Error, v. JAMES. L. PACE *et ux.*, Plaintiff in Error.

61  117
146m369

Kansas City Court of Appeals, February 4, 1895.

1. Trusts and Trustees: DUAL AGENT: LIABILITY OF PRINCIPALS. Where a trustee in a deed of trust to secure the payment of a debt is negligent and a loss results, such trustee is liable to either party suffering the loss, but neither the creditor nor the debtor is responsible to the other for his wrongful conduct, since he is the agent of both, and one is no more responsible for his conduct than the other.

2. ———: ———: ———. *Arguendo*, the fact that under the terms of the deed of trust the trustee is appointed by the holder of the note, makes him none the less the agent of both parties.

3. ———: MORTGAGEE: POWER OF SALE. A mortgagee with the power of sale is not only a beneficiary, but a trustee, and is liable to the maker of the note for damages resulting from his abuse of his trust as would the trustee bo.

*Error to the Cole Circuit Court.*—HON. D. W. SHACKLE-
FORD, Judge.

AFFIRMED.

*J. R. Edwards* and *Graves & Clark* for appellant.

·(1) Although under the terms of the deed of trust,
the trustee should have sold for cash, yet he could
extend the credit, which he did extend to the purchaser
at the first sale; and it was a valid sale, and the trustee
then became possessed of the trust property in a form
other than real estate. 2 Jones on Mortgages [4
Ed.], sec. 1871; 2 Pingry on Mortgages, secs. 1379 and
1380; *Bailey v. Ins. Co.*, 10 Allen, (Mass.) 286; *Strother
v. Law*, 54 Ill. 413; *Chase v. Bank*, 20 S. W. Rep.
1027. (2) If the first sale was a valid sale, then, when
the trustee, Flower, converted the trust property by
extending credit to the purchaser, he, Flower, became
liable to the beneficiary, Hull, for the proceeds of the
trust property. Flower, as trustee, was the agent of Hull
for the purpose of receiving the funds, and any dispo-
sition of them by Flower, is binding upon Hull, and
discharges the debt and obligation of Pace. *Mosby v.
Johnson*, 86 Va. 429; *Sherwood v. Saxton*, 63 Mo. 81;
*Parker v. Straat*, 39 Mo. App. 616. (3) The first sale,
which satisfied the debt owing by defendant to the plain-
tiff, was at least a good sale, and the only sale which
could . have been properly made, without a personal
notice to defendant. *Webber v. Curtis*, 104 Ill. 309;
*Tartt v. Clayton*, 109 Ill. 579; *Bank v. Sullivan*, 131
Mass. 537. (4) The first sale remains a good, valid
and binding sale, until the trustee makes and tenders a
sufficient deed to the purchaser. The evidence shows
no such tender even to Cook, much less to the parties,
whom Cook represented. These parties are presumed
to be solvent until the contrary is shown. Tender of ·

the deed was necessary in order to render them liable in damages. *Bank v. Sullivan, supra; Barnard v. Duncan,* 38 Mo. 170. (5) The act of the trustee in failing to tender deed to the purchaser, left the defendant without any legal recourse against the purchaser, and he having extended credit to the purchaser, became personally responsible to the parties entitled to the trust fund.

*Henry C. Flower* and *Silver & Brown* for respondent.

(1) If there be a sale under a deed of trust, and there is a deficiency in payment of the note, the mortgagee can maintain an action on the debt for the deficiency. *Wing v. Hayford,* 124 Mass. 249; *Draper v. Mann,* 117 Mass. 439; *Watson v. Hawkins,* 60 Mo. 550; 2 Pingry on Mortgages, sec. 1560, and cases cited. (2) When the purchaser at a sale refuses to take the property at the price at which it was struck off to him, the trustee must publish the notice anew, unless he announces at the sale that unless the bid is paid by a certain time he will resell again at that time. *Barnard v. Duncan,* 38 Mo. 170; *Dover v. Kennerly,* 38 Mo. 469; *Judge v. Booge,* 47 Mo. 544, 545; *Davis v. Hess,* 103 Mo. 31–37. (3) On the failure of the purchaser to comply with the terms of the sale, if he is unable to perform his contract, the parties interested may direct a resale, and the defaulting purchaser pay the expenses of it, and any deficiency in price arising from it. 2 Jones on Mortgages [3 Ed.], sec. 1642, and cases cited. (4) Should the referee or trustee make a sale and the day be permitted to pass without the completion of the sale by the purchaser, the referee or trustee may readvertise and resell the premises, as if no notice of sale had been published. Wiltsie on Mortgage Foreclosure, sec. 480, p. 579; *Robinson v. Brennan,* 90 N. Y. 208, 213; 2

Jones on Mortgages [3 Ed.], sec. 1866; *Davis v. Hess,* 103 Mo. 37. (5) A maker can not defend against a claim for a deficiency on the grounds that the premises were at first sold for a sum sufficient to pay the mortgage debt, but the purchaser failing to complete the purchase, the trustee has a right to elect either to proceed against the purchaser to enforce his liability upon his bid or to apply for a resale. 2 Jones on Mortgages [3 Ed.], sec. 1642, p. 567; *Goodwin v. Simonson,* 74 N. Y. 133–136; *Bank v. Sullivan,* 131 Mass. 537; *Dover v. Kennerly,* 44 Mo. 145.

ELLISON, J.—This is an action for an alleged balance of about $2,000, due on a note executed by defendant for the sum of $7,000. Plaintiff prevailed in the trial court.

The action grows out of the following facts: Defendant executed to one Timothy B. Sweet, as trustee, his deed, whereby he conveyed to said Sweet certain real estate in Bates county, Missouri, in trust to secure the payment of said note. The trust deed named George M. Noble to be successor to said Sweet, in the event Sweet became disqualified, or refused to act as trustee. The deed also provided that in case of the death, absence, inability, or refusal to act, of both Sweet and Noble, then any attorney of record residing in the state of Missouri, whom the holder might, in writing, appoint, should become, on such appointment, the successor in trust to the trustee named in the deed of trust, with like powers and authority. Sweet and Noble each refused to act as trustee and this plaintiff, as the holder of the note, duly appointed H. C. Flower, an attorney of record in the state of Missouri, to act as trustee, under the provisions of the trust deed.

The note being past due and unpaid, Flower, under the direction of plaintiff, proceeded to foreclose the

deed of trust by a sale, as therein provided.    At this sale different bids were made for the property.  Among them was a bid from a person abundantly solvent, who had the cash ready to pay his bid in case he got the property.    This bid amounted to more than the debt and costs.    But another bidder present at the sale made a higher bid than the one just referred to and Flower, the trustee, declared the property sold to him. It does not appear that the trustee made any inquiry or effort to ascertain before the crowd at the sale dispersed, if this purchaser could pay the amount of his bid.    During the remainder of the day, the trustee ascertained that the bidder was not able to pay the amount of his bid that day; and, it seems, after getting from him $102.50, entered into an arrangement with him, whereby he should pay the next day, at Kansas City, a sum sufficient to make $300.    At Kansas City, the next day, $87.20 was paid.    Nothing more seems to have been paid.    The trustee waited along on the broken promises of the bidder for two or three months, and he still not paying his bid, the trustee re-advertised and resold the property.    At this last sale the property was sold for about $2,000 less than the debt, and it is for this sum this action is brought, as stated at the outset.    It will be noticed that at the first sale there was a solvent and responsible bidder who bid more than the debt.

In disposing of this case, we shall assume, for the purposes of this opinion, that the trustee abused his trust in his conduct at and after the first sale.  His course with the bidder, for the purposes of this opinion, we shall assume was lenient and neglectful.    The question then is, can the holder of the note be made to suffer the consequences resulting from such conduct on the part of the trustee?  We have concluded that he can not.  By appointment of the holder of the note,

the trustee succeeded to all the powers and duties of the original trustee. His appointment was authorized by the defendant in his trust deed. *Cloud v. Kansas Loan Co.*, 52 Mo. App. 318. He became, by virtue of his trusteeship, the agent of both parties. *Sherwood v. Saxton*, 63 Mo. 78; *Chesley v. Chesley*, 49 Mo. 540; *Carter v. Abshire*, 48 Mo. 302. His duty was fidelity to both the holder and maker of the note. In all matters connected with a foreclosure of the trust deed, he owed to each a reasonable discretion, to be exercised in the interest of each, in such way as not to unduly jeopardize the interests of either, within the terms of the instrument under which he was acting in their behalf. And he is responsible to either who may suffer in consequence of his abuse of his trust. 2 Perry on Trusts, sec. 770; *Pechel v. Fowler*, 2 Anst. 550. But neither of them is responsible to the other for his wrongful conduct. This was held in a case in point (the only one I have been able to find) by the supreme court of Texas. The court in that case said: "In accepting the deed of trust, he (the creditor) doubtless assumes some new obligations; but so long as he discharges those obligations, he is not responsible for the negligence or mismanagement of the trustee. If he procures or connives at such negligence and mismanagement, they may well be imputed to him as his own. But the proposition that the trustee is the agent of the creditor in such a way as to make the creditor responsible for the trustee's want of diligence, is one to which we do not assent." *Murrell v. Scott*, 51 Texas, 520. Since he is the offspring of both, being appointed by one and accepted by the other, his duties pertaining to the interest of each and his relations to each being the same, he cannot be held, in the respect here considered, to be the separate agent of either. And the only principle upon which the holder could be held

liable to the maker for the wrongful conduct of the trustee would be that of agency; that is, that the holder had constituted the trustee his agent in the matter complained of, but, in most instances, where the trustee acts, he is representing *both* parties. The matter complained of in this case was matter which arose under his appointment by joint principals. He was not assuming to act solely for the holder. Being the agent of both, one is no more responsible for his conduct than the other.

We have not been cited by counsel on either side to any authority which we consider applicable to the question. The bearing of those cited is too remote to be of any value. Among others, are some to the effect that the trustee is liable to the beneficiary for damages resulting from a breach of trust; but that is far from saying that the beneficiary is liable to the holder for the trustee's conduct.

Where the mortgagee is clothed with power of sale, as is frequently the case, he is then not only a beneficiary, but a trustee as well, and if he abuses his trust, he is liable to the maker for resulting damage, and so, as we have seen, would the trustee who is appointed by both parties. *Lowelt v. North*, 4 Minn. 32; *Sabin v. Stickney*, 9 Vt. 155; *Howard v. Ames*, 3 Met. 308.

After a careful consideration of this case, we have arrived at the conclusion that the defense is not well taken and hence we affirm the judgment. All concur.