Louise Williams, Appellant, v. L. E. Mackey et al., Respondents.
—61 S. W. (2d) 968.

Springfield Court of Appeals. June 19, 1933.

*G. W. Goad* and *V. O. Coltraine,* of Springfield, for appellant.

*Dan M. Nee* and *Barber, McDavid & Barber,* of Springfield, for respondents.

BAILEY, J.—The petition in this case, after formal allegations, states, in effect, that on July 13, 1925, Jerry C. Beck and Mary Beck, his wife, delivered to the State Savings Trust Company their five promissory notes, for the sum of $500 each, due three years after date secured by a certain deed of trust on lands in Greene County, in the petition described, and duly recorded; that said notes so secured were transferred to plaintiff before maturity; that on February 15, 1926, said J. C. Beck and wife executed a second deed of trust on said land in favor of one T. H. Beck, which was foreclosed on November 19, 1927, and at the sale the New First National Bank became the purchaser; that said Bank conveyed said land to the Peerless Investment Company and the latter company conveyed the same to one Harry Palmer who thereupon executed a second deed of trust thereon in favor of defendant William J. McCauly and then re-conveyed the land to The Peerless Investment Company subject to plaintiff's first deed of trust and McCauly's second deed of trust; that plaintiff's said notes, with interest from July 13, 1929, were

due and unpaid; that on the ———— day of November, 1929, the State Savings Trust Company by order of its board of directors was placed in the hands of S. L. Cantley, Commissioner of Finance for the State of Missouri, for the purpose of liquidation; that defendants, L. E. Mackey, S. L. Cantley, as commissioner and the Queen City Bank of Springfield claim to have some lien or interest upon and in said real estate, but whatever lien or interest any of said defendants have in said premises is subject and inferior to the lien of the plaintiff's said deed of trust. Then follows a prayer that defendants may be foreclosed of all interest, lien and equity of redemption in the premises mentioned; that the same be sold and the proceeds thereof be applied to the payment of the costs of this suit and then to the payment of the principal and interest of the said note owned by plaintiff.

The defendants State Savings Trust Company and S. L. Cantley, Commissioner, filed a separate answer disclaiming any interest in said real estate.

The defendant, Queen City Bank of Springfield, filed its separate amended answer in which it was alleged that it was the holder and owner of a prior deed of trust to that of plaintiff, securing the sum of $2500, which deed of trust was executed by L. E. Mackey, a single and unmarried woman, then and now the owner of the land described in plaintiff's petition, to G. W. Goad, trustee for State Savings Trust Company, beneficiary therein, and duly recorded; that said deed of trust was given to secure the payment of five promissory notes bearing date December 8, 1928, which said notes were purchased by defendant in due course for a valuable consideration prior to maturity from the State Savings Trust Company and remain unpaid with interest from date of execution.

It is further alleged that the State Savings Trust Company was at all times the agent of plaintiff; that for more than ten years up to the date of the foreclosure of plaintiff's deed of trust, said Savings Trust Company loaned large sums of money for the said Louise Williams and sold to her a great number of promissory notes secured by deeds of trust; that on many occasions said State Savings Trust Company with full authority of plaintiff, accepted payments on notes held by her, both before and after the same became due, and upon making such collections, did, with her consent, hold same, giving her a check or receipt therefor; that said State Savings Trust Company looked after the collection of principal and interest, insurance and taxes on all loans handled for plaintiff; that the notes secured by the deed of trust under which plaintiff claims were past due at the date of the foreclosure under which sale Eloise Mackey became the purchaser; that plaintiff knew she was receiving interest on past due notes and that the deed of trust held by her did not require, as a condition precedent to foreclosure by the trustee, that a request for such foreclosure

should be made by her; that the State Savings Trust Company acted as the general agent of plaintiff respecting all her loans, with the power to direct foreclosure upon a default being made in the payment of any of said notes secured by deeds of trust and that she is estopped from claiming the foreclosure of the deed of trust under which defendant claims was void and that therefore plaintiff is not entitled to the relief prayed.

A reply was filed to the foregoing amended answer in which plaintiff states that M. E. Mackey, who executed the deed of trust under which defendant Queen City Bank claims, had no title to said land at the time she executed the deed of trust; that the only claim L. E. Mackey had to said land was acquired under a pretended foreclosure of the deed of trust owned by plaintiff; that said foreclosure was fraudulent and void; that the legal holder of said notes secured by said deed of trust did not request the Sheriff of Greene County to foreclose said deed of trust but said foreclosure was made without her knowledge or consent; that the recital in the Trustee's deed that the foreclosure was made at the request of the legal holder of said notes is false and untrue; that no consideration was paid at said Trustee's sale; that said Sheriff never saw the notes described in said deed of trust and no credit was indorsed on the notes; that said pretended foreclosure was made without any authority from the owner of the debt and was void.

On trial to the court judgment was rendered in favor of defendants and to the effect that plaintiff take nothing by her petition but that her cause be dismissed. The case came here on appeal and this court transferred same to the Supreme Court because we believed the title to real estate involved. [40 S. W. (2d) 1098.] But the Supreme Court remanded it to this court (see 52 S. W. (2d) 831) and the cause is here now for final decision.

It is urged that the trial court erred in holding the State Savings Trust Company had the right to order a foreclosure without the knowledge or consent of plaintiff who held the notes secured by the deed of trust sued upon. In this connection the facts were substantially as follows: It is admitted that on the 13th day of July, 1925, one Jerry C. Beck was the owner of the land described in plaintiff's petition. On that date he and his wife executed a deed of trust to A. S. Cowden, Trustee for the State Savings Trust Company (hereinafter called "The Trust Company") conveying said real estate, to secure the payment of five promissory notes of $500 each, due three years after date, payable to The Trust Company, with interest at seven per cent per annum.

The deed of trust further provided that "if said notes,—or any interest shall be allowed to remain due and unpaid,—then all the notes shall become due at the option of the legal holder thereof, and this deed shall remain in full force, and the said party of the second part,

or in case of his death or absence from the State of Missouri, or refusal to act, then the Sheriff of the County of Greene in the State of Missouri, acting as such for the time being, may proceed to sell the property hereinbefore described, or any part thereof to the highest bidder for cash, first giving twenty days' notice of the time, terms and place of sale and of the property to be sold, by advertisement in some newspaper printed in the County of Greene—and upon such sale shall execute and deliver a deed or deeds, in fee simple, of the property sold, to the purchaser thereof—and receive the proceeds thereof, out of which shall be paid, first, the cost and expenses of this trust; and next all amounts expended as aforesaid for taxes or other purposes—and next, the amount that may remain unpaid on said notes hereinbefore described, and the interest thereon at the time of default etc.'' On the 20th of July, 1925, the Trust Company sold said notes for full value to plaintiff and the notes and deed of trust securing same were delivered to plaintiff and remained in her possession at all times until the present suit was filed. The Becks sold the fee to the property and by *mesne* conveyances the title finally became vested in The Peerless Investment Company subject to the deed of trust above described and a second deed of trust, of no moment in this controversy. The interest on the notes was kept paid, and remitted to plaintiff by the Trust Company on each interest paying date. All the notes became due on the 13th day of July, 1928. No extension of time of payment of the notes was granted by plaintiff the holder thereof and she made no effort to collect the notes, made no request that the trust deed be foreclosed, but continued to keep the notes and deed of trust in her own exclusive possession. However, on the 29th day of August, 1928, one Alfred Owen, who was the then sheriff of Greene county, at the request of the Trust Company, but not at the request of plaintiff, foreclosed said deed of trust by advertisement and sale. The advertisement was in legal form, published for the proper length of time and the sale was, on its face, in all respects regular. The Sheriff's deed recited that the sale was made at the request of the legal holder of the notes secured by the deed of trust, but that statement was false, since the evidence clearly shows plaintiff made no such request and had no knowledge whatever of the pretended sale. At this sale one L. E. Mackey, a woman in the employ of the Trust Company at the time, became the purchaser of said lands included in the deed of trust. In her capacity as secretary or clerk to C. A. Ferguson, Vice-President of the Trust Company and its active manager during the time of these transactions, L. E. Mackey had charge of the collections and was familiar with the facts regarding the notes and deed of trust held by plaintiff. She cannot therefore be considered an innocent purchaser of the property at the pretended foreclosure sale. After receiving the Trustee's deed from Sheriff Owen, L. E. Mackey exe-

cuted and delivered to the Trust Company her five promissory notes of $500 each, dated December 8, 1928, and due three years after date, all payable to the Trust Company and secured by a new deed of trust on the property herein referred to, also dated December 8, 1928, and duly recorded. The defendant Queen City Bank became the holder and owner of the Mackey notes and deed of trust under circumstances about as follows: T. A. Nicholson was cashier of the Queen City Bank. C. A. Ferguson requested him to carry the Mackey loan for a short time. He knew the property and believed it to be good security for a loan of $2500. He did not have an abstract of title and in fact made no investigation of the title, but took Mr. C. A. Ferguson's word for it that the title was all right. Thereupon Ernest Ferguson, Jr., also connected with the Trust Company, gave his note to the Queen City Bank for $2500 and the Mackey notes, of like amount, together with the Mackey Deed of Trust, were put up as collateral security therefor, and the Queen City Bank then gave credit to the Trust Company, which had a checking account in the Queen City Bank, for the sum of $2500. Apparently this money was later checked out by the Trust Company. This credit or deposit was made on December 8, 1928, the same date as the Mackey notes. Mr. Nicholson denied that he had any knowledge whatever of the Beck note and deed of trust or that plaintiff held any outstanding notes until after the failure of the Trust Company, which occurred on the 8th day of November, 1929. The evidence also clearly shows that C. A. Ferguson had for many years been the agent of plaintiff for the loaning of money, purchase of loans and collections of interest as well as principal thereon and that she trusted him or the Trust Company with her financial affairs. There is no evidence, however, that he ever at any time, prior to the foreclosure of the Beck deed of trust, had ordered the foreclosure of any deed of trust for her or that he had any authority to do so.

If the trial court held that the Trust Company had the right to order the foreclosure of the Beck deed of trust held by plaintiff, without her knowledge or consent, we think the judgment could not be upheld. The proof fails to show that C. A. Ferguson had more than the authority of a general agent for the purpose of collecting interest for plaintiff and investing and re-investing her funds. Plaintiff at all times kept her notes in her own possession and authorized no one, in so far as this record shows, to order foreclosure of any deed of trust securing any of her notes. This case, on the question of agency, is quite similar to the case of Plummer v. Knight, 156 Mo. App. 321, 137 S. W. 1019. In that case one J. P. Newell, as agent, had ordered the foreclosure of a deed of trust on behalf of his principal, Plummer, without his principal's consent. The sale took place and one Knight became the purchaser of the mortgaged property. In a controversy between the owner of the

note secured by the deed of trust and the purchaser at the sale, the purchaser relied upon the agency of Newell to bind Plummer. The only evidence of agency in that case was through inference arising out of a long course of dealing between Plummer and Newell, and while the evidence showed Newell had been the financial agent of Plummer, collecting interest and making loans for him, there was no evidence that he had ever been authorized to order a foreclosure. On that phase of the case the Appellate Court held that,

"Where circumstances are relied upon to prove an agency, it must be shown that the principal has acquiesced in or ratified similar acts of the assumed agency; and in this case there is no evidence that Newell had ever foreclosed or directed the foreclosure of a deed of trust or mortgage for Plummer either by express or implied authority, and no evidence that he ever collected a mortgage or deed of trust either prior or subsequent to this time with or without express authority of Plummer, unless it be in the case under consideration. The law will not imply that he had authority to foreclose the deed of trust in controversy from the mere fact of his making loans and collecting the interest or the loans when due. An agent to collect an interest coupon or a note secured by a mortgage or deed of trust containing a power of sale has no implied authority by reason of such agency to order the foreclosure of the mortgage." [156 Mo. App. 321, l. c. 336.]

To the same effect is the case of St. Louis Mutual Life Insurance Company v. Walter, 46 S. W. (2d) 166, l. c. 170. But since no declarations of law were given it does not follow from the fact that the trial court decided in favor of defendants in this case that the decision was based on the theory that the Trust Company, or C. A. Ferguson, was the agent of plaintiff for the purpose of ordering the foreclosure. The question was rather whether or not the Sheriff, Owen, had authority, as acting trustee, to advertise and sell the property under and by virtue of the terms of the deed of trust, without the request of plaintiff the owner of the notes secured thereby.

Plaintiff raised that point by her assignment of error number three, in which she says the trial court erred in holding that the power to sell in the deed of trust securing plaintiff's notes was not conditioned and dependent upon the request of the legal holder thereof. The deed of trust in this case contained no such provision. It simply provided that if the notes became due and were unpaid then the acting Sheriff of Greene County, in the event of the death of the named trustee, "may proceed to sell the property." This the sheriff did, after the notes were past due and condition broken, with no request from the owner of the notes and without the notes or deed of trust being in his possession. On the face of the proceedings, the sheriff acted within the apparent scope of his authority under the

terms of the deed of trust. In conducting the sale he acted as the agent of both the grantors in the deed of trust and the holder of the notes secured thereby, at least as to third persons. [Butler Building and Investment Co. v. Dunsworth, 146 Mo. 361, 48 S. W. 449; West v. Axtell, 17 S. W. (2d) 328, l. c. 334, 322 Mo. 401; Regan v. Williams, 185 Mo. 620, l. c. 630, 84 S. W. 959; Hull v. Pace, 61 Mo. App. 117, l. c. 122; Sherwood v. Saxton, 63 Mo. 78.]

Under the circumstances plaintiff, the holder of the notes, would be bound by the acts of the sheriff, her agent, in conducting the sale within the scope of his authority although no request was made by her that he advertise and sell the property, there being no such provision in the deed of trust. [Wood v. Augustine, 61 Mo. 46; Butler Building and Investment Co. v. Dunsworth, supra.]

The cases cited by plaintiff which, it is said, state a contrary doctrine, are all cases in which the deed of trust provided that the trustee or sheriff should have power to sell only upon or at the request of the beneficiary, and, it was held, that a sale without such request was void. [St. Louis Mut. Life Ins. Co. v. Walters et al., 46 S. W. (2d) 166, l. c. 170; Benton v. Morgan, 163 Mo. 661, 64 S. W. 119; Magee v. Burch, 108 Mo. 336, 18 S. W. 1078, and other cases of like import.]

If this were a controversy between the pretended purchaser at the trustee's sale in this case and plaintiff, there could be no doubt the sale could and should be set aside, and plaintiff's deed of trust reinstated. [West v. Axtell, 17 S. W. (2d) 328.]

The trustee's deed was fraudulently obtained and the pretended purchase at the trustee's sale by one having knowledge of the fraud, gave her no title as against the beneficiary. But defendant, the Queen City Bank, claims to be an innocent purchaser of the Mackey notes secured by a deed of trust on the property and if it does occupy that position the fraud in obtaining the title at the trustee's sale would not effect its rights. [Bristow v. Thackston, 187 Mo. 332, 86 S. W. 94; Craig v. Zimmerman, 87 Mo. 475.]

On the question of the good faith of the Queen City Bank we think the evidence was sufficient to show the officer of the bank who took the Mackey notes as collateral security for a loan to the Trust Company, had no knowledge of the fraud and there was no circumstance to place the bank on inquiry. Plaintiff does not charge the Queen City Bank with any knowledge of the fraud either in her petition or reply to the answer filed by defendant the Queen City Bank. The bank paid full consideration for the notes and purchased them before maturity. Without further reference to the evidence we believe this record shows without contradiction that defendant Queen City Bank met all the requirements of a bona fide purchaser i. e., that it purchased the Mackey notes in good faith, before maturity, without notice of plaintiff's rights and for a valu-

able consideration. [Young v. Schofield, 132 Mo. 650, l. c. 660, 34 S. W. 497, 39 Cyc. 1687.]

It is urged that section 2222, Revised Statutes of Missouri, 1919, which provides that a deed of trust may, in addition to being foreclosed by suit, be also foreclosed by trustee's sale, "at the option of the legal holder of the debt," must be read into the deed of trust in this case and when so read into it the sheriff had no power to sell the property without an exercise of the option by the holder of the note. A similar provision was in effect in 1875 at the time the case of Wood v. Augustine, supra, and Butler Building & Investment Company v. Dunsworth, supra, were decided. [See Gen. Stat. No. 1865, p. 618, sec. 2.] We may assume the Supreme Court was aware of that statute at the time the decisions are rendered. In any event, we are unable to perceive in what manner this section would affect the power given the trustee or sheriff under the deed of trust. Unless the holder of the note secured by the deed of trust exercised the option given by section 2222, supra, the trustee, or acting trustee, could exercise the powers given by the deed of trust, and the mortgagor, and all claiming under him, would be and are bound by a sale made in pursuance of such powers. [Sec. 2234, R. S. Mo. 1919.]

It is unfortunate in this case that one of two innocent parties must suffer. Plaintiff placed confidence in her agent and her trust was betrayed. She knew her notes were past due and had not been renewed. The proceedings by which she has been unjustly deprived of her security are regular on their face and there was nothing of record to advise a purchaser of the wrong committed against her. There is also nothing in this record to indicate the Queen City Bank had any knowledge of the fraud or of facts that would place it on inquiry. Being innocent purchasers for value without notice we think the Queen City Bank should prevail. The judgment of the trial court must therefore be affirmed. It is so ordered.

*Allen, P. J.,* and *Smith, J.,* concur.